1  ROD M. FLIEGEL, Bar No. 168289
   rfliegel@littler.com
2  ALISON S. HIGHTOWER, Bar No. 112429
   ahightower@littler.com
3  LITTLER MENDELSON, P.C.
   650 California Street, 20th Floor
4  San Francisco, California 94108.2693
   Telephone:   415.433.1940
5  Facsimile:   415.399.8490

6  Attorneys for Defendant
   SOUTHWEST AIRLINES CO.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  JUSTIN LEWIS, on behalf of himself, all      Case No.
    others similarly situated,
12                                               **NOTICE OF REMOVAL OF CIVIL**
                  Plaintiff,                     **ACTION BY DEFENDANT SOUTHWEST**
13                                               **AIRLINES CO.**
          v.                                     **[28 U.S.C. §§ 1331, 1332, 1441(a) & 1446]**
14
    SOUTHWEST AIRLINES CO., a Texas              Complaint Filed:  January 12, 2016
15  Corporation; and DOES 1 through 100,         (Alameda Superior Court Case No.
    Inclusive,                                   RG16799791)
16
                  Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

NOTICE OF REMOVAL OF CIVIL ACTION                                    CASE NO.

**TO THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, Defendant SOUTHWEST AIRLINES CO. ("SWA"), contemporaneously with the filing of this Notice of Removal of Civil Action ("Notice Removal"), hereby removes this action to the United States District Court for the Northern District of California, based on the following facts:

I.

## PLEADINGS AND PROCEEDINGS TO DATE

1.      On January 12, 2016, Plaintiff Justin Lewis ("Plaintiff") filed a Complaint in the Alameda Superior Court captioned: *Justin Lewis, on behalf of himself, all others similarly situated v. Southwest Airlines Co., a Texas Corporation; and Does 1 to 100, Inclusive*, designated as Case No. RG16799791. A true and correct copy of the Complaint is attached hereto as **Exhibit 1**. A true and correct copy of the Summons is attached as **Exhibit 2**. The action was served on January 14, 2016. A true and correct copy of the Proof of Service of Summons and Complaint is attached as **Exhibit 3.**

2.      On February 10, 2016, SWA filed its Answer to the Complaint in the Superior Court. A true and correct copy of SWA's Answer is attached hereto as **Exhibit 4**.

3.      A true and correct copy of the remainder of the state court files are attached hereto as **Exhibit 5**.

4.      Pursuant to 28 U.S.C. § 1446(d), the attached exhibits constitute all the process, pleadings and orders served upon SWA, filed or received in this action by SWA.

II.

## STATEMENT OF REMOVAL JURISDICTION

5.      This Court has original jurisdiction under 28 U.S.C. § 1331 (federal question) as Plaintiff's Complaint refers to and arises out of alleged violations of a federal statute, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Specifically, Plaintiff's Complaint asserts that SWA violated the FCRA by allegedly procuring or causing to be procured consumer reports for employment purposes without making the required disclosure in a document that allegedly was

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION          1.          CASE NO.

1  "embedded with extraneous information, and not clear and unambiguous disclosures in stand-alone

2  documents, [that] do not meet the requirements under the law." (Complaint, ¶¶ 24-28.)[1]

3       6.     All other claims for relief under various California statutory laws are within the

4  supplemental jurisdiction of this Court under 29 U.S.C. § 1367(a), because they are so related to the

5  FCRA claims that they form part of the same case or controversy under Article III of the United

6  States Constitution. Plaintiff's other state law claims are all derivative of his FCRA claim since they

7  "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be

8  expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F. 3d 850, 855 (9th

9  Cir. 2004). Jurisdiction is thus appropriate for all of Plaintiff's claims that are transactionally related

10  to the federal claim.

11  **A.    IN THE ALTERNATIVE, CAFA JURISDICTION EXISTS**

12       7.     In the alternative, this Court also has original jurisdiction over this action pursuant to

13  the Class Action Fairness Act of 2005 ("CAFA"). The CAFA grants federal district courts original

14  jurisdiction over civil class action lawsuits filed under federal or state law in which there are at least

15  100 members of the class, and any member of a class of plaintiffs is a citizen of a state different from

16  any defendant, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs. 28

17  U.S.C. § 1332(d). The CAFA authorizes removal of qualifying actions in accordance with 28 U.S.C.

18  § 1446. This case meets each of the CAFA requirements for removal because, as is set forth more

19  particularly below: (1) the proposed class contains at least 100 members; (2) Defendant is not a

20  state, state official, or other governmental entity; (3) the total amount in controversy exceeds

21  $5,000,000; and (4) there is diversity between at least one putative class member and the only named

22  defendant.

23       8.     The CAFA provides that "the number of members of all proposed plaintiff classes in

24  the aggregate [not be] less than 100." 28 U.S.C. § 1332(d)(5)(B). CAFA defines "class members"

25  as those "persons (named or unnamed) who fall within the definition of the proposed or certified

26  class in a class action." 28 U.S.C. § 1332(d)(1)(D).

27

28  ---

[1] SWA reserves all rights and does not waive its contention that Plaintiff lacks standing pursuant to Article III of the United States Constitution because he has no injury-in-fact.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION    2.    CASE NO.

9.     Plaintiff alleges his four causes of action on a class-wide basis.  His Fair Credit Reporting Act ("FCRA") putative class is alleged to consist of "[a]ll of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action." (Complaint, ¶ 11(A).)

10.     Although Plaintiff does not specifically allege a proposed number of class members, the number of putative class members fitting the nationwide class going back five years as proposed by Plaintiff is 39,294. (*See* Declaration of Shari Conaway, ¶¶ 5-6 [**Exhibit 6**].)  CAFA's numerosity requirement is thus satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

11.     CAFA diversity jurisdiction exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

12.     For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2d 1088 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner–Lambert Co.*, 265 F. 3d 853, 857 (9th Cir. 2001).  CAFA diversity jurisdiction exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

13.     Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F. 2d 747, 751 (9th Cir. 1986).  Here, Plaintiff alleges that he is and was at all times mentioned working in the State of California. (Complaint, ¶ 5.) Defendant's records show that on his job application, Plaintiff gave his residential address as Culver City, California and he was hired to work at Los Angeles International Airport. (Conaway Declaration, ¶ 3 and Ex. A thereto.)  Accordingly, Plaintiff is a citizen of the State of California. *Kanter*, 265 F. 3d at 857.

14.     Plaintiff pleads that SWA is "a corporation organized and existing under the laws of Texas." (Complaint, ¶ 5)  SWA was, at the time of the filing of this action, and remains, a Texas corporation with its principal place of business in Dallas, Texas. (Conaway Decl., ¶ 2.)  Moreover, SWA's corporate headquarters likewise is located in Dallas, Texas and from its Dallas headquarters

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION          3.          CASE NO.

1  SWA's "high level" officers direct, control, and coordinate SWA's activities. (*Id.*) SWA's core
2  executive and administrative functions are carried out in its headquarters in Dallas, Texas, including
3  but not limited to policy-making, corporate decisions, air operation oversight, corporate
4  communications (internal and external), finance, human resources, compliance, advertising and
5  marketing, legal advice, and information technology. (*Id.*) Regular meetings of SWA's board of
6  directors occur at its Dallas headquarters and the majority of its corporate officers work out of this
7  headquarters. (*Id.*) Therefore, SWA is a citizen of Texas and not a citizen of California.

8       15.    Defendants Does 1 through 100 are fictitious. (Complaint, ¶ 5.) Pursuant to 28
9  U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for
10  the purpose of determining diversity jurisdiction. *Newcombe v. Adolf Coors Co.*, 157 F. 3d 686,
11  690-91 (9th Cir. 1998).

12       16.    Since Plaintiff is a citizen of California and SWA is a citizen of Texas, the minimal
13  diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is fully satisfied.

14       **1.**    **The Amount In Controversy Is Satisfied**

15       17.    CAFA requires the "matter in controversy" to exceed "the sum or value of
16  $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "The claims of the individual
17  class members shall be aggregated to determine whether the matter in controversy exceeds" this
18  amount. 28 U.S.C. § 1332(d)(6).

19       18.    Plaintiff has not alleged a specific amount in controversy in his Complaint. "Where
20  the complaint does not specify the amount of damages sought, the removing defendant must prove
21  by a preponderance of the evidence that the amount in controversy has been met." *Abrego Abrego v.*
22  *Dow Chemical Co.*, 443 F. 3d 676, 683 (9th Cir. 2006). "Under this burden, the defendant must
23  provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds
24  that amount." *Guglielmino v. McKee Foods Corp.*, 506 F. 3d 696, 699 (9th Cir. 2007); *accord,*
25  *Rodriguez v. AT & T Mobility Serv. LLC*, 728 F. 3d 975 (9th Cir. 2013).

26       19.    While Defendant denies Plaintiff's claims of wrongdoing and denies his request for
27  relief thereon, the facial allegations in Plaintiff's Complaint and the total amount of statutory
28  damages and attorneys' fees at issue in this action, when viewed in the light most favorable to

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

NOTICE OF REMOVAL OF CIVIL ACTION    4.    CASE NO.

1    Plaintiff, is in excess of the jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295,

2    298 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiffs' allegations,

3    sufficient to support finding that jurisdictional limits satisfied). "In measuring the amount in

4    controversy, a court must assume that the allegations of the complaint are true and that a jury will

5    return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v.*

6    *Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations

7    omitted). *See also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F. 3d 394, 399 (2d Cir.

8    2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the

9    removal analysis; rather, it is the amount put in controversy by plaintiff's complaint). The estimate

10   of the amount in controversy should not be based on the "low end of an open-ended claim," but

11   rather on a "reasonable reading of the value of the rights being litigated." *Werwinski v. Ford Motor*

12   *Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (citation omitted).

13        20.    Further, as one district court held, "[u]nder this standard, 'the removing party's

14   burden is "not daunting," and defendants are not obligated to "research, state, and prove the

15   plaintiff's claims for damages."' *Cagle v. C & S Wholesale Grocers, Inc.*, No. 2:13-cv-02134-MCE-

16   KJN, 2014 U.S. Dist. LEXIS 21571, at *19-20 (E.D. Cal. Feb. 19, 2014) (citations omitted) (denying

17   remand motion). That court noted that "[w]hen a '(d)efendant's calculations (are) relatively

18   conservative, made in good faith, and based on evidence whenever possible,' the court may find that

19   the '(d)efendant has established by a preponderance of the evidence that the amount in controversy is

20   met.'" *Id.* at *20, *quoting Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal.

21   2008) (citations omitted). Importantly, Defendant need not provide summary judgment-type

22   evidence. *Cagle*, 2014 U.S. Dist. LEXIS 21571, at *21.

23        21.    Plaintiff asserts claims for himself and the putative nationwide class, based on

24   allegations that SWA has willfully violated the FCRA and two analogous California statutes, the

25   Investigative Consumer Reporting Agencies Act and the Consumer Credit Reporting Agencies Act.

26        22.    Plaintiff seeks statutory and actual damages, punitive damages, attorneys' fees, and

27   injunctive relief. (Complaint, ¶¶ 39, 62-63, 78.) The FCRA provides for statutory damages for

28   willful non-compliance in the amount of "not less than $100 and not more than $1,000." 15 U.S.C. §

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION          5.          CASE NO.

1681n. Plaintiff does not allege the amount of statutory or actual damages sought. However, Plaintiff's counsel indicated that he seeks the maximum in statutory damages. (Declaration of Alison S. Hightower, ¶ 3 [**Exhibit 7**].) At the statutory maximum of $1,000 per putative class member, Plaintiff seeks over $39 million for the putative class of approximately 39,294 persons. At only $250 per person, statutory damages if awarded would total $9,823,500. Indeed, to reach $5 million in controversy, Plaintiff and the putative class only have to receive $127.25 each in statutory damages. (*See* Conaway Decl., ¶¶ 5-6.) This does not include any actual damages that Plaintiff and putative class members might recover nor any punitive damages sought. Moreover, $127.25 represents only the third percentile of statutory damages that putative class members might recover – meaning that even with a very low per class member recovery, CAFA jurisdiction would still be satisfied.[2]

23.     Furthermore, Plaintiff seeks attorneys' fees in his Complaint pursuant to all his causes of action. It is well settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages *as well as* attorneys' fees. *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts). In California, it is not uncommon for an attorneys' fees award to be 25 to 33 percent of the recovery. *See, e.g., Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 n.11 (2008), *quoting Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery."). At the lower percentage (25%) of the potential attorneys' fee award, and assuming only 39,294 background screen for the putative class with each class member recovering the minimum statutory damages ($3,929,400), Plaintiff has placed in controversy for attorneys' fees an amount equal to $982,350. At the higher percentage (33%) of the potential attorneys' fee award,

---

[2] The FCRA provides statutory damages from $100 to $1,000 – a $900 range. $127.25 per putative class member thus represents only the third percentile of potential statutory damages within this range: 27.25 / 900 = 0.03028. For purposes of comparison, the midpoint within the range of FCRA statutory damages would be $550 per putative class member (450 / 900). Defendant reserves all rights to dispute the ascertainability of the amount of statutory and actual damages sought and to dispute that a class can or should be certified.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

NOTICE OF REMOVAL OF CIVIL ACTION          6.          CASE NO.

1  and assuming the maximum statutory damages ($39,294,000), the amount of recoverable attorneys'

2  fees could be as much as $12.95 million.

3      24.    Accordingly, although SWA denies Plaintiff's claims of wrongdoing, based on the

4  foregoing, Plaintiff's claims for damages, attorneys' fees, and other monetary relief conservatively

5  exceed the jurisdictional minimum under CAFA.  Particularly given the assertion by Plaintiff's

6  counsel that Plaintiff is seeking the maximum amount of statutory damages, the amount in

7  controversy clearly exceeds $5 million.

8      25.    Should CAFA jurisdiction over Plaintiff's claims not be appropriate for any reason,

9  there is still federal question jurisdiction over the FCRA claims, and all other claims for relief under

10  California law are within the supplemental jurisdiction of this Court under 29 U.S.C. § 1367(a), as

11  noted above.

12                                    **III.**

13                        **TIMELINESS OF REMOVAL**

14      26.    An action may be removed from state court by filing a notice of removal, together

15  with a copy of all process, pleadings, and orders served on the defendant, within thirty days of

16  defendant receiving an "amended pleading, motion, order or other paper from which it may *first be*

17  *ascertained* that the case is . . . removable." 28 U.S.C. § 1446(b) (emphasis added). Here, Plaintiff

18  filed his Complaint on January 12, 2016. On January 14, 2016, SWA was served with the Complaint

19  and Summons. (**Exhibit 3**) As such, this Notice of Removal is timely since it was filed within thirty

20  days of service of the Summons and Complaint.

21                                    **IV.**

22                                  **VENUE**

23      27.    Venue is appropriate in this Court for purposes of this removal because the action was

24  removed from the Superior Court of California for the County of Alameda to the District embracing

25  the place where the action is pending pursuant to 28 U.S.C. §§ 84(c)(2), 1391, and 1441(a).[3]

26

27

28  _____
   [3] SWA reserves all rights with regard to seeking a potential change of venue.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108-2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL ACTION          7.                          CASE NO.

## V.

## NOTICE TO COURT AND TO PARTIES

28.     Contemporaneously with the filing of this Notice of Removal, written notice of the removal is given by the undersigned to counsel for Plaintiff.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Alameda Superior Court.  A copy of the Notice to be filed with the Clerk of the Alameda Superior Court is attached hereto as **Exhibit 8**.

## VI.

## CONCLUSION

WHEREFORE, SWA removes the action now pending in the Alameda Superior Court to this Honorable Court.

Dated: February 12, 2016

ROD M. FLIEGEL
ALISON S. HIGHTOWER
LITTLER MENDELSON, P.C.
Attorneys for Defendant
SOUTHWEST AIRLINES CO.

Firmwide:138608217.1 081298.1020

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA. 94108 2693
415 433.1940

NOTICE OF REMOVAL OF CIVIL ACTION          8.                              CASE NO.

# EXHIBIT 1

FILED BY FAX
ALAMEDA COUNTY

January 12, 2016

CLERK OF
THE SUPERIOR COURT
By Burt Moskaira, Deputy

CASE NUMBER:
RG16799791

1  SHAUN SETAREH (SBN 204514)
       shaun@setarehlaw.com
2  THOMAS SEGAL (SBN 222791)
       thomas@setarehlaw.com
3  ALICE A. KIM (SBN 290023)
       alice@setarehlaw.com
4
5  **SETAREH LAW GROUP**
   9454 Wilshire Boulevard, Suite 907
6  Beverly Hills, California 90212
   Telephone:    (310) 888-7771
7  Facsimile:    (310) 888-0109
8
   Attorneys for Plaintiff,
9  JUSTIN LEWIS

10                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        FOR THE COUNTY ALAMEDA

12

13  JUSTIN LEWIS, on behalf of himself, all others      Case No.:
    similarly situated,
14                                                       **CLASS ACTION**

15              *Plaintiff,*                             **COMPLAINT FOR:**

16      vs.
                                                         1.  Violation of 15 U.S.C. §§
17  SOUTHWEST   AIRLINES   CO.,   a   Texas                   1681b(b)(2)(A) (Fair Credit Reporting
    Corporation; and DOES 1 to 100, Inclusive                Act);
18                                                       2.  Violation of 15 U.S.C. §§ 1681d(a)(1)
19              *Defendants.*                                 and 1681g(c) (Fair Credit Reporting
                                                             Act);
20                                                       3.  Violation of California Civil Code §
21                                                           1786 *et seq.* (Investigative Consumer
                                                             Reporting Agencies Act)
22                                                       4.  Violation of California Civil Code §
                                                             1785 *et seq.* (Consumer Credit
23                                                           Reporting Agencies Act)
24
25                                                       **JURY TRIAL DEMANDED**
26
27
28

*Lewis v. Southwest Airlines Co.*                                Class Action Complaint

Plaintiff, JUSTIN LEWIS (hereafter "Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this class and representative action against defendant SOUTHWEST AIRLINES CO., a Texas corporation ("SOUTHWEST"), and DOES 1-100, inclusively (collectively, "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

2.    Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without complying with the law.  Plaintiff, individually and on behalf of all others similarly situated current, former, and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA, 15 U.S.C. §§ 1681 *et seq.*, the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786, *et seq.*), and the California Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785, *et seq.*).

## PARTIES

5.    Plaintiff was employed by Defendant as an hourly, non-exempt employee working in the State of California from approximately March 2015 to May 2015.

6.    Defendant SOUTHWEST is a corporation organized and existing under the laws of Texas and also a citizen of California based on Plaintiff's information and belief.

7.    Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as DOES 1-100, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

8.    Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course

and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

9.    Plaintiff alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## CLASS ALLEGATIONS

10.    This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure §382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

11.    **Class Definitions:** The classes are defined as follows:

A.    **FCRA Class:** All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

B.    **ICRAA Class:** All of Defendant's current, former, and prospective applicants for employment in California, at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into this action.

C.    **CCRAA Class:** All of Defendant's current, former, and prospective applicants for employment in California, at any time during the period beginning seven years prior to the filing of this action and ending on the date that final judgment is entered in this action.

12.    **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses and/or by limitation to particular issues.

13.    **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact

*Lewis v. Southwest Airlines Co.*                                                        Class Action Complaint

1  number of class members. Plaintiff is informed and believes that the actual number exceeds the
2  minimum required for numerosity under California law.

3      14.    **Commonality and Predominance:** Common questions of law and fact exist as
4  to all class members and predominate over any questions which affect only individual class
5  members. These questions include, but are not limited to:

6          A.    Wherein Defendants willfully failed to provide the class with stand-alone
7  written disclosures before obtaining a credit or background report in compliance with the
   statutory mandates?

8          B.    Whether Defendants willfully failed to identify the name, address,
9  telephone number, and/or website of the investigative consumer reporting agency conducting
10 the investigation?

11         C.    Whether Defendants willfully failed to identify the source of the credit
12 report to be performed?

13         D.    Wherein Defendants willfully failed to comply with the FCRA, ICRAA
14 and/or the CRAA?

15     15.    **Typicality:** Plaintiff's claims are typical of the other class members' claims.
16 Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or
17 a lack of a policy which resulted in Defendants failing to comply with the FCRA, ICRAA, and
   CCRAA as alleged herein.

18     16.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative
19 in that he has no interests that are adverse to, or otherwise in conflict with, the interests of
20 absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of
21 class members. Plaintiff will fairly and adequately represent and protect the interests of class
22 members.

23     17.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in
24 that they have no known conflicts of interest with Plaintiff or absent class members, are
25 experienced in class action litigation and are dedicated to vigorously prosecuting this action on
26 behalf of Plaintiff and absent class members.

27     18.    **Superiority:** A class action is vastly superior to other available means for fair
   and efficient adjudication of class members' claims and would be beneficial to the parties and
28 the Court. Class action treatment will allow a number of similarly situated persons to

---

*Lewis v. Southwest Airlines Co.*                           Class Action Complaint

To: Premium Fax Filing    Page 10 of 21    2016-01-12 23:06:40 (GMT)    From: Shaun ......

Case 3:16-cv-01538-M    Document 1    Filed 02/12/16    Page 15 of 58    PageID 15

1  simultaneously and efficiently prosecute their common claims in a single forum without the
2  unnecessary duplication of effort and expense that numerous individual actions would entail. In
3  addition, the monetary amounts due to many individual class members are likely to be relatively
4  small and would thus make it difficult, if not impossible, for individual class members to both
5  seek and obtain relief. Moreover, a class action will serve an important public interest by
6  permitting class members to effectively pursue the recovery of monies owed to them. Further, a
7  class action will prevent the potential for inconsistent or contradictory judgments inherent in
   individual litigation.

## FIRST CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

### (15 U.S.C. §§ 1681b(b)(2)(A))

#### (By Plaintiff and the FCRA Class against all Defendants)

19.  Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

20.  Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

21.  Plaintiff and class members are "consumers" within the meaning Section
1681a(c) of the FCRA, because they are "individuals."

22.  Section 1681a(d)(1) of the FCRA defines "consumer report" as

> any oral, or other communication of any information by a consumer
> reporting agency bearing on a consumer's credit worthiness, credit
> standing, credit capacity, character, general reputation, personal
> characteristics, or mode of living which is used or expected to be used or
> collected in whole or in part for the purpose of serving as a factor in
> establishing the consumer's eligibility" for employment purposes.

Thus a credit and background report qualifies as a consumer report.

23.  Section 1681a(e) of the FCRA defines "investigative consumer report" as:

> a consumer report or portion thereof in which information on a consumer's
> character, general reputation, personal characteristics, or mode of living is
> obtained through personal interviews with neighbors, friends, or associates
> of the consumer reported on or with whom he is acquainted or who may
> have knowledge concerning any such items of information.

Thus a credit and background report qualifies as an investigative consumer report.

24.  Section 1681b(b) of the FCRA provides, in relevant part:

> Conditions for furnishing and using consumer reports for employment purposes

(2) Disclosure to consumer

    (A) In general

    Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

    i.    a *clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that *consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

    ii.    the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added).

    25.    As described above, Plaintiff alleges, on information and belief, that in evaluating him and other class members for employment, Defendants procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681u(e)).

    26.    When Plaintiff applied for employment with Defendants, Defendants required him to fill out and sign an eight page Document entitled "Employment Application" ("Authorization").

    27.    In pertinent part the eight page Authorization states:

"I hereby authorize Southwest to procure a background/consumer report as part of its pre-employment background investigation of my application for employment. I acknowledge that I have been given a stand-alone Disclosure and Notification Statement that a background/consumer report will be requested for this purpose. I agree to sign a release permitting Southwest to obtain records under the federal Drug and Alcohol Testing regulations pertaining to me, created and maintained by a prior employer. I release all parties from liability for any damage that may result from this investigation."

    28.    Because the purported disclosures are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

    29.    Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing,

To. Premium Fax Filing    Page 12 of 21          2016-01-12 23:06:40 (GMT)                        From: Shaun ...

Case 3:16-cv-01538-M   Document 1   Filed 02/12/16   Page 17 of 58   PageID 17

the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii). The inclusion of the Release and other extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

30.    Although the disclosure and the authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document. For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

> The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

31.    The plain language of the statute also clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a form would not consist "solely" of the disclosure. In fact, the FTC expressly has warned that the FCRA notice may not include extraneous information such as a release. In a 1998 opinion letter, the FTC stated:

> [W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes.

32.    In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

33.    By including the Release and other extraneous information, Defendants willfully disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear[] and accurate[]," and thus violates §§ 1681b(b)(2)(A) and 1681d(a).

34.    Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful

conduct is reflected by, among other things, the following facts:

      (a)    Defendants are a large corporation with access to legal advice;

      (b)    Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

      (c)    The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements; and

      (d)    The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the FCRA disclosure form.

    35.    Defendants required a liability release, in the disclosure form, along with other extraneous information, that releases all parties involved from any liability and responsibility for releasing information they have about the Plaintiff to Defendants.

    36.    Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without informing such applicants of their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA.

    37.    Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

    38.    As a result of Defendants' illegal procurement of credit and background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in

To: Premium Fax Filing   Page 14 of 21       2016-01-12 23.06.40 (GMT)      From Shaun Gold...

Case 3:16-cv-01538-M   Document 1   Filed 02/12/16   Page 19 of 58   PageID 19

1  violation of the FCRA.

2      39.   Plaintiff, on behalf of himself and all class members, seeks all available remedies

3  pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive

4  damages, injunctive and equitable relief and attorneys' fees and costs.

5      40.   In the alternative to Plaintiff's allegation that these violations were willful,

6  Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any,

7  under 15 U.S.C. § 1681o, including actual damages and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF FCRA

### (15 U.S.C. § 1681d(a)(1) and 1681g(c))

#### (By Plaintiff and the FCRA Class against all Defendants)

11      41.   Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

12      42.   Section 1681d(a)(1) provides:

13  Disclosure of fact of preparation

14  A person may not procure or cause to be prepared an investigative consumer report on any
   consumer unless--

16      (1) it is *clearly and accurately disclosed* to the consumer that an
       investigative consumer report including information as to his character, general
17      reputation, personal characteristics, and mode of living, whichever are applicable,
       may be made, and such disclosure;

19      (2) is *made in a writing mailed, or otherwise delivered,* to the
       consumer, not later than three days after the date on which the report was first
20      requested, and

21      (3) *includes a statement informing the consumer of his right to request   the
       additional disclosures* provided for under subsection (b) of this
22      section *and the written summary of the rights of the consumer prepared pursuant
23      to section 1681g(c)* of this title; (Emphasis Added.)

24      (4) Subsection (b) of Section 1681d(a)(1) provides:
       Any person who procures or causes to be prepared an investigative consumer report
25      on any consumer shall, upon written request made by the consumer within a
       reasonable period of time after the receipt by him of the disclosure required by
26      subsection (a)(1) of this section (a)(1) of this section, make a *complete and accurate
       disclosure of the nature and scope of the investigation requested*; (Emphasis
27      Added). This disclosure shall be made in a writing mailed, or otherwise delivered, to
28      the consumer not later than five days after the date on which the request for such

disclosure was received from the consumer or such report was first requested, whichever is the later.

43.    Defendant did not comply with Section 1681d(a)(1).

44.    Section 1681g(c) further provides summary of rights to obtain and dispute information in consumer reports and to obtain credit scores as:

(A) Commission summary of rights required

The Commission shall prepare a *model summary of the rights* of consumers under this subchapter.

(B) Content of summary

The summary of rights prepared under subparagraph (A) shall include a description of—

    (1)    the *right of a consumer to obtain a copy of a consumer report* under subsection (a) of this section from each consumer reporting agency;

    (2)    the *frequency and circumstances under which a consumer is entitled to receive a consumer report without charge* under section 1681j of this title;

    (3)    the right of a consumer to *dispute information* in the file of the consumer under section 1681i of this title;

    (4)    *the right of a consumer to obtain a credit score* from a consumer reporting agency, and a description of how to obtain a credit score;

    (5)    the *method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge*, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

    (6)    the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title; (Emphasis Added).

45.    Defendant did not comply with 1681g(c).

## THIRD CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA

### (Cal. Civ. Code § 1786 *et seq.*)

### (By Plaintiff and the ICRAA Class against all Defendants)

46.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

47.    Defendants are "persons" as defined by Section 1786.2(a) of the Investigative Consumer Reporting Agencies Act ("ICRAA").

48.    Plaintiff and ICRAA Class members are "consumers" within the meaning

1  Section 1786.2(b) of the ICRAA, because they are "individuals."

2      49.    Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

3      a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means.

5      50.    Thus a background checks qualifies as an investigative consumer report under the ICRAA

7      51.    Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

8      If, at any time, an investigative consumer report is sought for employment purposes...the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

10  (B) The person procuring or causing the report to be made provides a *clear and conspicuous* disclosure in writing to the consumer at any time before the report is procured or caused to be made *in a document that consists solely of the disclosure*, that:

12      (i) An investigative consumer report may be obtained.

13      (ii) The permissible purpose of the report is identified.

14      (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

15      (iv) Identifies the *name, address, and telephone number of the investigative consumer reporting agency* conducting the investigation.

17      (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including the provisions of Section 1786.22.

18      (vi) *Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency* identified in clause (iv), or, *if the agency has no Internet Web site address, the telephone number of the agency*, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

23  (C) The consumer has authorized in writing the procurement of the report. (Emphasis added.)

25      52.    As described above, Plaintiff alleges that in evaluating him and other class members for employment, Defendants procured or caused to be prepared investigative consumer report (e.g. background checks), as defined by Cal. Civ. Code § 1786.2(c).

26      53.    When Plaintiff applied for employment with Defendants, Defendants required him to fill out and sign an eight page Document entitled "EMPLOYMENT APPLICATION"

("Authorization").

54.    In pertinent part the eight page Authorization states:

"I hereby authorize Southwest to procure a background/consumer report as part of its pre-employment background investigation of my application for employment. I acknowledge that I have been given a stand-alone Disclosure and Notification Statement that a background/consumer report will be requested for this purpose. I agree to sign a release permitting Southwest to obtain records under the federal Drug and Alcohol Testing regulations pertaining to me, created and maintained by a prior employer. I release all parties from liability for any damage that may result from this investigation."

Because the purported disclosures are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

55.    Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of the Release and other extraneous information, therefore, violates § 1786.16(a)(2)(B) of the ICRAA.

56.    The plain language of the statute clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the ICRAA, because such a form would not consist "solely" of the disclosure.

57.    By including the Release and other extraneous information, Defendants willfully violated § 1786.16(a)(2)(B) of the ICRAA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates § 1786.16(a)(2)(B).

58.    In addition, pursuant to § 1786.16(a)(2)(B)(iv) and (vi) of the ICRAA, the disclosure form must notify the consumer of the name, address, telephone number, and/or website address of the investigative consumer reporting agency conducting the investigation. Defendants failed to identify in the disclosure form the name, address, phone number, or website of the investigative consumer reporting agency conducting the investigation, and thus violated § 1786.16(a)(2)(B)(iv) and (vi) of the ICRAA.

59.    Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before

procuring background checks or causing background checks to be procured, as described above. Pursuant to that policy and practice, Defendants procured background checks or caused background checks to be procured for Plaintiff and class members without first providing a written disclosure in compliance with § 1786.16(a)(2)(B) of the ICRAA, as described above.

60.     Defendants' conduct in violation of § 1786.16(a)(2)(B) of the ICRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(e)     Defendants are large corporations with access to legal advice;

(f)     Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(g)     The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements, and that the disclosure form must contain the name, address, phone number, and/or website address of the investigative consumer reporting agency conducting the investigation.

61.     As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

62.     Plaintiff, on behalf of himself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

63.     In the alternative to Plaintiff's allegation that these violations were willful or grossly negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1786.50(a), including actual damages and attorneys' fees and costs.

///

*Lewis v. Southwest Airlines Co.*                                                        Class Action Complaint

## FOURTH CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF CCRAA

### (Cal. Civ. Code § 1785 *et seq.*)

### (By Plaintiff and the CCRAA Class against all Defendants)

64.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

65.     Defendants are "persons" as defined by Section 1785.3(j) of the Consumer Credit Reporting Agencies Act ("CCRAA").

66.     Plaintiff and CCRAA Class members are "consumers" within the meaning Section 1785.3(b) of the CCRAA, because they are "natural individuals."

67.     Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

> any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: ...(2) employment purposes...

68.     Thus a credit report qualifies as a consumer credit report under the CCRAA.

69.     Section 1785.20.5(a) of the CCRAA provides, in relevant part:

> Prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used, and *shall identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the source of the report...*
> (Emphasis added.)

70.     As described above, Plaintiff alleges that in evaluating him and other class members for employment, Defendants procured or caused to be prepared consumer credit reports (e.g. credit reports), as defined by Cal. Civ. Code § 1785.3(c).

71.     When Plaintiff applied for employment with Defendants, Defendants required him to fill out and sign an eight page Document entitled "EMPLOYMENT APPLICATION" ("Authorization").

72.     In pertinent part the eight page Authorization states:

> "I hereby authorize Southwest to procure a background/consumer report as part of its pre-employment background investigation of my application for employment. I acknowledge that I have been given a stand-alone Disclosure and Notification Statement that a background/consumer report will be requested for this purpose. I agree to sign a

Case 3:16-cv-01538-M    Document 1    Filed 02/12/16    Page 25 of 58    PageID 25

1    release permitting Southwest to obtain records under the federal Drug and Alcohol
2    Testing regulations pertaining to me, created and maintained by a prior employer. I
     release all parties from liability for any damage that may result from this investigation."
3
        73.    The Authorization does not identify the specific basis under subdivision (a) of
4
     Section 1024.5 of the Labor Code for use of the credit report. Nor does the Authorization
5    identify the source of any credit report. Both of these omissions Authorization clearly violate §
6    1785.20.5(a) of the CCRAA, as delineated above.

7        74.    Based upon facts that are likely to have evidentiary support after a reasonable
8    opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and
9    practice of failing to provide adequate written disclosures to applicants and employees, before
10   procuring credit reports or causing credit reports to be procured, as described above. Pursuant
11   to that policy and practice, Defendants procured credit reports or caused credit reports to be
     procured for Plaintiff and class members without first providing a written notice in compliance
12   with § 1785.20.5(a) of the CCRAA, as described above.
13
        75.    Defendants' conduct in violation of § 1785.20.5(a) of the CCRAA was and is
14
     willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their
15   obligations and the rights of applicants and employees, including Plaintiff and class members.
16   Defendants' willful conduct is reflected by, among other things, the following facts:

17           (h)    Defendants are large corporations with access to legal advice;
18           (i)    Defendants required a purported authorization to perform credit checks in
19   the process of employing the class members which, although defective, evidences Defendants'
20   awareness of and willful failure to follow the governing laws concerning such authorizations;
     and
21
             (j)    The plain language of the statute unambiguously indicates that failure to
22   include the provisions identified above violates the CCRAA's notice requirements, and that the
23   notice must identify the specific basis under subdivision (a) of Section 1024.5 of the Labor
24   Code for use of the credit report and must identify the source of any credit report.

25       76.    As a result of Defendants' illegal procurement of credit reports by way of their
26   inadequate notice, as set forth above, Plaintiff and class members have been injured including,
27   but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.
28       77.    Plaintiff, on behalf of himself and all class members, seeks all available remedies
     pursuant to Cal. Civ. Code § 1785.31, including statutory damages and/or actual damages,

     *Lewis v. Southwest Airlines Co.*                                    Class Action Complaint

1  punitive damages, injunctive relief, and attorneys' fees and costs.

2      78.     In the alternative to Plaintiff's allegation that these violations were willful,

3  Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any,

4  under Cal. Civ. Code § 1785.31(a)(1), including but not limited to actual damages and

5  attorneys' fees and costs.

6                          **PRAYER FOR RELIEF**

7      WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for

   relief and judgment against Defendants as follows:

8          A. An order that the action be certified as a class action;

9          B. An order that Plaintiff be appointed class representative;

10         C. An order that counsel for Plaintiff be appointed class counsel;

11         D. Statutory penalties;

12         E. Civil penalties;

13         F. Punitive damages;

14         G. Injunctive relief;

15         H. Costs of suit;

16         I. Interest;

17         J. Reasonable attorneys' fees; and

18         K. Such other relief as the Court deems just and proper.

                           **DEMAND FOR JURY TRIAL**

19     Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury

20 trial on all issues so triable.

21

22     Dated: January 12, 2016            Respectfully submitted,

23

24                                        SETAREH LAW GROUP

25                                        By
                                          SHAUN SETAREH,
26                                        Attorney for Plaintiff,
                                          JUSTIN LEWIS, on behalf of himself, and all
27                                        others similarly situated

28

___

*Lewis v. Southwest Airlines Co.*                    Class Action Complaint

# EXHIBIT 2

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SOUTHWEST AIRLINES CO., a Texas corporation; and DOES 1 to
100 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JUSTIN LEWIS, on behalf of himself, all others similarly situated,

---

| FOR COURT USE ONLY (LA CORTE) |
|---|
| FILED BY FAX |
| ALAMEDA COUNTY |
| January 12, 2016 |
| CLERK OF |
| THE SUPERIOR COURT |
| By Burt Moskaira, Deputy |

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER (Número del Caso): |
|---|---|
| *(El nombre y dirección de la corte es):* Rene C. Davidson | RG16799791 |

1225 Fallon Street
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, 9454 Wilshire, Blvd., Ste 907, Beverly Hills, CA · 84 74 7771

| DATE: January 12, 2016 | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

    under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

# EXHIBIT 3

ORIGINAL

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh SBN 204514<br>Setareh Law Group<br>9454 Wilshire Blvd., Suite 907<br>Beverly Hills CA 90212<br>(310) 888-7771<br>ATTORNEY FOR Plaintiff | **FILED**<br>ALAMEDA COUNTY<br><br>**JAN 1 9 2016**<br><br>CLERK OF THE SUPERIOR COURT<br>_Maria Carrera_ Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>1225 Fallon St.<br>Oakland, CA 94612 | |

| PLAINTIFF/PETITIONER: Justin Lewis<br><br>DEFENDANT/RESPONDENT: Southwest Airlines Co. | CASE NUMBER:<br>RG16799791 |

| Proof of Service of Summons | |

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   Summons

   Civil Case Cover Sheet

   Complaint

3a. Party Served:

   Southwest Airlines Co., a Texas Corporation

3b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made):

   Becky DeGeorge
   Agent for CSC

4. Address where the party was served:

   2710 Gateway Oaks Dr., Ste 150N
   Sacramento, CA 95833

5. I served the party:

   a. By personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party.

   (1) on: 1/14/2016     (2) at: 11:02 AM

CONTINUED ON NEXT PAGE

**Proof of Service of Summons**

Code of Civil Procedure, §417.10

Invoice No: 1130360

| PLAINTIFF/PETITIONER: | Justin Lewis | CASE NUMBER: RG16799791 |
|---|---|---|
| DEFENDANT/RESPONDENT: | Southwest Airlines Co. | |

6. The "Notice to the Person Served" (on the summons) was completed as follows:

d. on behalf of: Southwest Airlines Co., a Texas Corporation

under the following Code of Civil Procedure section:

416.10 (Corporation)

7. Person who served papers
   a. Name: Lori Brown
   b. Address: 14748 Pipeline Avenue, Suite B, Chino Hills, CA 91709
   c. Telephone number: 909-664-9565
   d. The fee for this service was: 65.95
   e. I am:
   (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: 2015-01   Expires: 1/4/2017
      (iii) County: Sacramento

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

1/17/2016

Lori Brown

Rapid Legal, Inc., San Bernardino Co. Reg. #1086, Expires 04-23-16

         >

Form Adopted for Mandatory Use
Judicial Council of California  POS-010
[Revised January 1, 2007]

**Proof of Service of Summons**

Code of Civil Procedure, §417.10

Invoice No: 1130360

# EXHIBIT 4

1  ROD M. FLIEGEL, Bar No. 168289
   rfliegel@littler.com
2  ALISON S. HIGHTOWER, Bar No. 112429
   ahightower@littler.com
3  LITTLER MENDELSON, P.C.
   650 California Street, 20th Floor
4  San Francisco, California 94108.2693
   Telephone:   415.433.1940
5  Facsimile:   415.399.8490

6  Attorneys for Defendant
   SOUTHWEST AIRLINES CO.

7

ENDORSED
FILED
ALAMEDA COUNTY

FEB 1 0 2015

CLERK OF THE SUPERIOR COURT
By _Maria Carrera_

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10

11  JUSTIN LEWIS, on behalf of himself, all        Case No.  RG16799791
    others similarly situated,
                                                   DEFENDANT SOUTHWEST AIRLINES
12              Plaintiff,                          CO.'S ANSWER TO PLAINTIFF'S CLASS
                                                   ACTION COMPLAINT
13       v.

14  SOUTHWEST AIRLINES CO., a Texas
15  Corporation; and DOES 1 through 100,
    Inclusive,

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO CLASS        CASE NO. RG16799791
ACTION COMPLAINT

1    Defendant Southwest Airlines Co. ("Defendant"), through its undersigned counsel, answers

2    the Complaint of Plaintiff Justin Lewis.

3                                          **GENERAL DENIAL**

4         1.    Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant

5    hereby answers Plaintiff's unverified Complaint by generally denying each and every allegation

6    contained therein, by denying that Plaintiff has been damaged or has sustained any damages as a

7    result of the conduct alleged therein and by asserting the following separate and distinct additional

8    defenses. Defendant further denies that this case is appropriate for class treatment.

9                                        **ADDITIONAL DEFENSES**

10        2.    Without admitting any of the allegations of the Complaint and without admitting or

11   acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the

12   following additional defenses. Defendant intends to rely upon any additional defenses that become

13   available or apparent during pretrial proceedings and discovery in this action and hereby reserves the

14   right to amend this Answer to assert all such further defenses. Defendant also expressly denies the

15   existence of any alleged putative class of "similarly situated" individuals that Plaintiff purports to

16   represent in this lawsuit pursuant to California Code of Civil Procedure § 382, Federal Rule of Civil

17   Procedure 23, and California Business & Professions Code §§ 17203-17204. Defendant thus

18   expressly denies the existence of any such group each and every time it references "Plaintiff" as if

19   fully set forth therein. All defenses asserted are also asserted against the putative class, except where

20   the claim is asserted only on behalf of the named Plaintiff.

21        1.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

22        2.    The Court lacks jurisdiction over the claims of certain persons, including putative

23   class members, to the extent they are subject to arbitration.

24        3.    Plaintiff's Complaint, and each and every cause of action contained therein, are barred

25   in whole or in part because, at all material times, Defendant acted reasonably, in good faith and

26   without malice based upon all relevant facts and circumstances known by Defendant at the time, and

27   did not at any time willfully or negligently fail to comply with the applicable law, including but not

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433.1940

DEFENDANT'S ANSWER TO CLASS
ACTION COMPLAINT                    1.                    CASE NO. RG16799791

1    limited to the Fair Credit Reporting Act ("FCRA"), the Consumer Credit Reporting Agencies Act

2    ("CCRAA") and the Investigative Consumer Reporting Agencies Act ("ICRAA").

3        4.     Plaintiff's claims for statutory damages and punitive damages violate the Fourth, Fifth,

4    Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution and corresponding Articles of

5    the California Constitution because: (a) the punitive damages claimed are vastly disproportionate to

6    the statutory and/or actual damages claimed or available; (b) the award of punitive and/or statutory

7    damages would constitute an arbitrary and capricious taking of Defendants' property which is

8    unjustified by any rational governmental interest; (c) the award of punitive damages with wholly

9    standardless discretion is inconsistent with due process; and/or (d) the statutes, including but not

10    limited to Section 616 of the FCRA (15 U.S.C. § 1681n), the CCRAA, and the ICRAA are

11    unconstitutionally vague and unjustifiably arbitrary.

12        5.     Plaintiff's claims, and those of putative class members, are barred, in whole or in part,

13    to the extent that Plaintiff and putative class members did not suffer any cognizable injury nor

14    suffered any damages and have no standing pursuant to Article III of the United States Constitution.

15        6.     Plaintiff's substantive claims and his claims for damages (including but not limited to

16    Plaintiff's claims under sections 1785, *et seq.* and 1786, *et seq.* of the California Civil Code), which

17    seek to recover, among other things, punitive damages and/or penalties, violate the Fourth, Fifth,

18    Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution and corresponding Articles of the

19    California Constitution.  Defendant specifically alleges that sections 1785.20.5(a) and 1786.16(b) of

20    the California Civil Code are unconstitutionally vague and ambiguous.

21        7.     Plaintiff's individual and class-wide claims are excluded from coverage by Section

22    604 of the FCRA (15 U.S.C. § 1681b) and corresponding provisions of California law to the extent

23    that Defendants obtained any background reports in connection with an investigation of compliance

24    with federal, state or local laws and regulations, the rules of self-regulatory organization or any pre-

25    existing policies (15 U.S.C. § 1681a(y)).

26        8.     Plaintiff's claims, and those of putative class members, are subject to dismissal

27    because the screening reports Defendant received were not "consumer reports" within the meaning

28    of the CCRAA and the ICRAA.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO CLASS
ACTION COMPLAINT

2.

CASE NO. RG16799791

1        9.    Plaintiff's claims are barred, in whole or in part, because notwithstanding

2  Defendant's alleged non-compliance, Plaintiff otherwise was aware of his purported statutory rights.

3        10.    Defendant alleges that it has complied with the FCRA, the CCRAA, and the ICRAA

4  in the handling of Plaintiff's consumer report and/or investigative consumer report and is, therefore,

5  entitled to each and every defense stated in and available under the FCRA, the CCRAA, and the

6  ICRAA and to all limitations of liability.

7        11.    Defendant alleges that Plaintiff's Complaint, and each and every cause of action

8  contained therein, are barred in whole or in part because Plaintiff failed to comply fully or at all with

9  procedures available and/or required under the FCRA, the CCRAA, and the ICRAA to address

10  Plaintiff's concerns and/or otherwise failed to take reasonable steps to avoid harm.

11        12.    Defendant maintained reasonable procedures to comply with applicable law at all

12  times relevant to Plaintiff's Complaint.

13        13.    Plaintiff is not entitled to recover the equitable relief he seeks because: (a) an

14  adequate remedy at law exists; (b) Plaintiff lacks standing to seek equitable relief; (c) equitable relief

15  is only available to the Federal Trade Commission and Consumer Financial Protection Bureau, not

16  to private plaintiffs and the Court lacks subject matter jurisdiction to issue an injunction; (d) Plaintiff

17  is not entitled to such relief for any claimed violation of the ICRAA or the CCRAA because neither

18  statute provides such relief as a remedy; and (e) Plaintiff's claim for equitable relief is moot in any

19  event.

20        14.    Plaintiff is barred from recovering statutory damages under the ICRAA because the

21  ICRAA by its terms bars recovery of statutory damages in class actions.

22        15.    The damages alleged by Plaintiff under California law are not reasonable and are thus

23  barred by California Civil Code § 3359.

24        16.    Plaintiff's Complaint, and each and every claim for relief therein, are barred in whole

25  or in part because Plaintiff seeks to recover for alleged harm that is outside of the applicable statute

26  of limitations, including but not limited to, 15 U.S.C. § 1681p of the FCRA, California Civil Code

27  § 1786.52 of the ICRAA, and California Civil Code § 1785.33 of the CCRAA.

28  ///

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

DEFENDANT'S ANSWER TO CLASS
ACTION COMPLAINT       3.       CASE NO. RG16799791

17.     Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver, and laches.

18.     Plaintiff's claims are barred, in whole or in part, because notwithstanding Defendant's alleged non-compliance, Plaintiff otherwise was aware of his purported statutory rights.

19.     All of Plaintiff's claims on behalf of absent putative class members fail because Plaintiff cannot meet his burden of demonstrating that each requirement of class certification, including but not limited to ascertainability, adequacy, typicality, commonality, predominance, and superiority, is met here, and because certifying a class in the circumstances of this case would violate Defendant's rights to due process under the law.  To the extent that class certification is nonetheless granted at a future date, Defendant alleges and asserts each of the defenses previously stated herein against each and every putative class member.

20.     Adjudication of this action on a class-wide basis, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's rights to trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution. *See, e.g., Wal-Mart v. Dukes*, 131 S. Ct. 2541 (2011).

21.     The Complaint is barred in whole or in part because Plaintiff did not suffer any cognizable damage or other harm as a proximate result of any alleged act or omission of Defendant or its agents or employees.

22.     Assuming that Plaintiff suffered or sustained any loss, damage or injury, which Defendant specifically denies, such loss, damage or injury was proximately caused or contributed to by the negligence or wrongful conduct of other parties, persons or entities, and that their negligence or wrongful conduct was an intervening and superseding cause of the purported loss, damage or injury of which Plaintiff complains.

23.     Plaintiff's damages, if any, were caused by the negligence and/or acts or omissions of third parties other than Defendant, whether or not parties to this action.  By reason thereof, Plaintiff's damages, if any, as against Defendant, must be reduced by the proportion of fault attributable to such third parties, and to the extent that this is necessary, Defendant may be entitled to partial indemnity from such third parties on a comparative fault basis.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO CLASS
ACTION COMPLAINT                4.                CASE NO. RG16799791

1    WHEREFORE, DEFENDANT prays for judgment in its favor and against Plaintiff as

2    follows:

3        1.    That the Complaint be dismissed with prejudice;

4        2.    That Plaintiff takes nothing by way of the Complaint;

5        3.    That Defendant recover its attorney's fees, costs and disbursements in this action; and

6        4.    For such other and further relief as the Court deems just and proper.

7    Dated: February 10, 2016

8                                           *alison Hightower*

9                                           ROD M. FLIEGEL
                                            ALISON S. HIGHTOWER
                                            LITTLER MENDELSON, P.C.
10                                          Attorneys for Defendant
                                            SOUTHWEST AIRLINES CO.

11

12   Firmwide:138284939.1 081298.1020

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO CLASS                    5.                    CASE NO. RG16799791
ACTION COMPLAINT

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: 168289 / 112429 | FOR COURT USE ONLY |
|---|---|---|

NAME: Rod M. Fliegel / Alison S. Hightower
FIRM NAME: Littler Mendelson, P.C.
STREET ADDRESS: 650 California Street, 20th Floor
CITY: San Francisco   STATE: CA   ZIP CODE: 94108-2693
TELEPHONE NO.: 415.433.1940   FAX NO.: 415.399.8490
E-MAIL ADDRESS: rfliegel@littler.com / ahightower@littler.com
ATTORNEY FOR (name): Defendant Southwest Airlines Co.

**FOR COURT USE ONLY**

ENDORSED
FILED
ALAMEDA COUNTY

FEB 1 0 2015

CLERK OF THE SUPERIOR COURT
By *Maria Carrera*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Courthouse

Plaintiff/Petitioner: Justin Lewis

Defendant/Respondent: Southwest Airlines Co.

| | CASE NUMBER: |
|---|---|
| | RG16799791 |

| PROOF OF SERVICE-CIVIL | JUDICIAL OFFICER: |
|---|---|

Check method of service (only one):

☐ By Personal Service   ☒ By Mail   ☐ By Overnight Delivery
☐ By Messenger Service   ☐ By Fax

| DEPARTMENT: |
|---|

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age and not a party to this action.

2. My residence or business address is:
Littler Mendelson, P.C., 650 California Street, 20th Floor, San Francisco, CA 94108-2693 (business)

3. ☐ The fax number from which I served the documents is (complete if service was by fax):

4. On (date): February 10, 2016   I served the following documents (specify):
   Defendant Southwest Airlines Co.'s Answer To Plaintiff's Class Action Complaint

   ☐ The documents are listed in the Attachment to Proof of Service-Civil (Documents Served) (form POS-040(D)).

5. I served the documents on the person or persons below, as follows:
   a. Name of person served: Shaun Setareh, Esq. / Thomas Segal, Esq.
   b. ☒ (Complete if service was by personal service, mail, overnight delivery, or messenger service.)
      Business or residential address where person was served:
      Setareh Law Group, 9454 Wilshire Blvd., Suite 907, Beverly Hills, CA 90212 (business)

   c. ☐ (Complete if service was by fax.)
      (1) Fax number where person was served:

      (2) Time of service:

      ☐ The names, addresses, and other applicable information about persons served is on the Attachment to Proof of Service—Civil (Persons Served) (form POS-040(P)).

6. The documents were served by the following means (specify):
   a. ☐ By personal service. I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Form Approved for Optional Use
Judicial Council of California
POS-040 [Rev. January 1, 2016]

PROOF OF SERVICE—CIVIL
(Proof of Service)

Code of Civil Procedure, §§ 1011, 1013, 1013a
2015.5; Cal. Rules of Court, rule 2.306
www.courts.ca.gov

American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

| CASE NAME:<br>Lewis v. Southwest Airlines Co. | CASE NUMBER:<br>RG16799791 |
|---|---|

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Francisco, CA

  c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

  e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 10, 2016

Charisse Goodman
(TYPE OR PRINT NAME OF DECLARANT)                                      (SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

## DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

_____                        ►  _____
(NAME OF DECLARANT)                                              (SIGNATURE OF DECLARANT)



American LegalNet, Inc.
www.FormsWorkFlow.com

# EXHIBIT 5

⌐ SETAREH LAW GROUP
  Attn: Setareh, Shaun
  9454 Wilshire Blvd.
  Suite 907
∟ Beverly Hills, CA   90212____    ⌐

⌐ Southwest Airlines Co., a Texas
  Corporation

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Lewis<br><br>        Plaintiff/Petitioner(s)<br>   VS.<br><br>Southwest Airlines Co., a Texas Corporation<br>      Defendant/Respondent(s)<br>    (Abbreviated Title) | No. <u>RG16799791</u><br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:
          Complex Determination Hearing
          Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 02/16/2016     TIME: 03:00 PM     DEPARTMENT: 30
LOCATION:  U.S. Post Office Building, Second Floor
           201 13th Street, Oakland

Case Management Conference:
DATE: 03/22/2016     TIME: 03:00 PM     DEPARTMENT: 30
LOCATION:  U.S. Post Office Building, Second Floor
           201 13th Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 30 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 268-5104.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 30.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 30.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 30 by e-mail at Dept.30@alameda.courts.ca.gov or by phone at (510) 268-5104.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 01/13/2016                    Chad Finke   Executive Officer / Clerk of the Superior Court

                                     By        S. Ngami
                                                                    Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 01/14/2016.

                                     By        S. Ngami
                                                                    Deputy Clerk

**FILED BY FAX**

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Shaun Setareh (SBN 204514)<br>Setareh Law Group<br>9454 Wilshire Blvd, Suite 907<br>Beverly Hills, CA 90212<br>TELEPHONE NO. (310) 888-7771    FAX NO. (310) 888-0109<br>ATTORNEY FOR *(Name)*: Justin Lewis | FOR COURT USE ONLY<br><br>ALAMEDA COUNTY<br>January 12, 2016<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Burt Moskaira, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS 1225 Fallon Street<br>MAILING ADDRESS 1225 Fallon Street<br>CITY AND ZIP CODE Oakland, CA 94612<br>BRANCH NAME Rene C. Davidson | CASE NUMBER<br>RG16799791 |

| CASE NAME:<br>Lewis v. Southwest Airlines Co., et al. | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER |
|---|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount         (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2)*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [✓] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify)*: Four (4)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 12, 2016

Shaun Setareh

_____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT 6

1   ROD M. FLIEGEL, Bar No. 168289
    rfliegel@littler.com
2   ALISON S. HIGHTOWER, Bar No. 112429
    ahightower@littler.com
3   LITTLER MENDELSON, P.C.
    650 California Street, 20th Floor
4   San Francisco, California 94108.2693
    Telephone:    415.433.1940
5   Facsimile:    415.399.8490

6   Attorneys for Defendant
    SOUTHWEST AIRLINES CO.
7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  JUSTIN LEWIS, on behalf of himself, all        Case No.
    others similarly situated,
12                                                  **DECLARATION OF SHARI CONAWAY IN**
                        Plaintiff,                  **SUPPORT OF REMOVAL OF CIVIL**
13                                                  **ACTION TO FEDERAL COURT**
                v.
14                                                  Complaint Filed:  January 12, 2016
    SOUTHWEST AIRLINES CO., a Texas                 (Alameda Superior Court Case No.
15  Corporation; and DOES 1 through 100,            RG16799791)
    Inclusive,
16
                        Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

CONAWAY DECL. ISO REMOVAL OF
CIVIL ACTION TO FEDERAL COURT                                    CASE NO.

1    I, Shari Conaway, hereby declare and state:

2    1.    I am currently a Director of People for Defendant SOUTHWEST AIRLINES

3    CO. ("SWA"), and I have held this position since April 2011. From October 2007 until that date, I

4    previously was Senior Manager of People. I have personal knowledge of the facts set forth in the

5    Declaration and I can and would testify to those facts if called and sworn as a witness.

6    2.    In my capacity as the Director of People, I am familiar with the corporate

7    structure for SWA. SWA is a corporation incorporated in Texas with its headquarters located in

8    Dallas, Texas. At this headquarters, SWA's core executive and administrative functions are

9    performed, including but not limited to policy-making and corporate decisions, air operations,

10   corporate communications (internal and external), finance, human resources, compliance,

11   advertising and marketing, legal advice, and information technology. Regular meetings of SWA's

12   board of directors occur at its Dallas headquarters and the majority of its corporate officers work out

13   of this headquarters.

14   3.    In my role as Director of People, I have access to the personnel files of SWA

15   current and former employees kept in the ordinary course of business. Attached as **Exhibit A** is an

16   excerpt of the job application submitted by Justin Craig Lewis on January 29, 2015, providing his

17   residential address. Mr. Lewis was hired by SWA and worked at Los Angeles International Airport

18   until his termination.

19   4.    My responsibilities as Director of People have included general oversight

20   regarding the recruitment, background screening and verification process SWA undertakes before

21   hiring job applicants nationwide. As a result of these responsibilities, I have access to data

22   accurately recorded in an applicant tracking system regarding the number of persons who have been

23   screened by our current vendor, Sterling Infosystems ("Sterling"), since 2013.

24   5.    Our data shows that in 2014 a total of 7,509 persons were screened by Sterling

25   and 4,153 persons were hired, and in 2015, 13,793 persons were screened and 6,658 persons were

26   hired nationwide.

27   6.    During the calendar year 2011 and until sometime in late 2013 or early 2014,

28   SWA utilized a vendor called First Advantage to conduct background screens. SWA no longer has

LITTLER MENDELSON, P.C
650 California Street
20th Floor
an Francisco, CA 94108.2693
415.433.1940

CONAWAY DECL. ISO REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

1.

CASE NO.

1  access to the number of screens performed by First Advantage. However, the data above indicates
2  that on average SWA screened 1.95 persons for every person hired during the two full years for
3  which SWA has data from Sterling in 2014 and 2015. I have access to human resources data that
4  accurately tracks the number of people hired by SWA nationwide by date. Based on this data, in
5  2011, SWA hired 4,916 persons, in 2012 SWA hired 2,579 persons, and in 2013 SWA hired 1,732
6  persons. Multiplying these numbers by the average of 1.95 screens per person hired results in the
7  following estimate of background screens:

8          2011:  4,916 hires x 1.95 = 9,586 screens

9          2012:  2,579 hires x. 1.95=5,029 screens

10          2013:  1,732 hires x 1.95 = 3,377 screens

11          2014:  7,509 screens

12          2015:  13,793 screens.

13          **Total:  39,294**

14          I declare under penalty of perjury under the laws of the United States of America that
15  the foregoing is true and correct.

16  Executed this _12_ day of February, 2016.

17

18                             Shari Conaway

19  Firmwide:138309009.1 081298.1020

20

21

22

23

24

25

26

27

28

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108 2693
415 433 1940

CONAWAY DECL. ISO REMOVAL OF
CIVIL ACTION

2.

CASE NO.

# EXHIBIT A

### Southwest Airlines Co. Employment Application



For all jobs requiring airport secured area access, federal TSA regulations require an FBI fingerprint-based criminal history records check. Southwest also requires applicants who have passed the interview process to complete a ten (10) year employment review and criminal history inquiry, including providing information on employment, education, community service, unemployment, and FBI Fingerprint based criminal history final disposition for all time periods in the last ten years. You must provide <u>all</u> the information requested in this application. Be sure to include correct, current telephone numbers and names of your present and former employers. Consideration of your application may be delayed or discontinued if you do not provide all the requested information in a timely manner.

If applicable and currently available, please provide the following, with your application :
(If not provided, may delay or prevent review of your application)

- Transcripts (**original or copy**) and/or Diploma (**original**) of the highest level of education earned. Diplomas will be verified and returned to you the same day.

- DD214 - Member 4 (**original or copy**) (Only if you have been in the military in the last 5 years).

- For **Driving Positions Only:** Copy of valid, current U.S. Driver's License. For these positions, SouthwestAirlines will review your motor vehicle record in order to ensure that candidates meet the qualifications and standards for these jobs. If you have held a driver's license in another state in the last 3 years, please provide the license number.

  o **Note:** You must possess a valid (not suspended, invalid or expired), current driver's license that allows you to perform required job duties.

Helpful hints to assist you in fully completing the application:

<u>Criminal History</u>: Federal regulation require Southwest to investigate final disposition of arrest and criminal charges reported on the FBI report which may include arrests before the last ten years, all of which must be investigated to obtain final disposition.

<u>Residence Addresses:</u> You must list all the addresses where you have resided for the past 10 years or back to the month you turned age 18, whichever is shorter.

---

Southwest Airlines Co. Employment Application

Consideration for employment may be delayed or discontinued if you do not complete ALL sections.

CONFIDENTIAL/PERSONAL INFORMATION (Please use full <u>LEGAL NAME</u> as it appears on your social security card)

| LEGAL Last Name:<br>Lewis | LEGAL First Name:<br>Justin | LEGAL Middle Name:<br>Craig |
|---|---|---|

Please list any other name(s) you have used in the last ten (10) years. (Maiden, aliases, etc.):
NONE

Social Security Number:

| Current Driver's License Number: | Expiration Date:<br>1/17/2018 | State Issued:<br>CA |
|---|---|---|

If you have held a driver's license in another state in the last 3 years provide:

| Driver's License Number: | State Issued: |
|---|---|

Current Mailing Address

Address 1:
3642 Schaefer Street

Address 2:

City:                                State:                          Zip:
Culver City                          CA                             90232

Home Phone:                          Cell Phone:                    Work Phone:
3108379028                           3108190375                     310-646-3747

May we contact you at work?
☑ Yes   ☐ No

E-mail Address:
Lewis.Justin27@yahoo.com

May we contact you via e-mail?
☑ Yes   ☐ No

**Read Question and Answer "Yes" or "No"**

1. Are you at least 18 years of age?
☑ Yes   ☐ No

2. Are you authorized to work in the U.S.?
☑ Yes   ☐ No

3. Will have authorization to work in US by date of hire.
☑ Yes   ☐ No

4. Have you ever been interviewed by Southwest Airlines or AirTran Airways?
☐ Yes   ☑ No

If "Yes," provide the following:

Date:                                Location:                      Position:

5. Have you ever attended a Southwest Airlines or AirTran Airways training class?
☐ Yes   ☑ No

If "Yes," provide the following:

Date:                                Location:                      Position:

6. Have you ever been employed by Southwest Airlines or AirTran Airways?
☐ Yes   ☑ No

If "Yes," provide the following:

Date:                                Location:

Position:                            Employee Number:

7. Have you ever been a contractor or temporary worker performing work at any Southwest Airlines or AirTran Airways location?
☐ Yes   ☑ No

If "Yes," provide the following:

Company:                             Date:

# EXHIBIT 7

1   ROD M. FLIEGEL, Bar No. 168289
    rfliegel@littler.com
2   ALISON S. HIGHTOWER, Bar No. 112429
    ahightower@littler.com
3   LITTLER MENDELSON, P.C.
    650 California Street, 20th Floor
4   San Francisco, California  94108.2693
    Telephone:    415.433.1940
5   Facsimile:    415.399.8490

6   Attorneys for Defendant
    SOUTHWEST AIRLINES CO.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  JUSTIN LEWIS, on behalf of himself, all       Case No.
    others similarly situated,
12                                                 **DECLARATION OF ALISON S.**
                      Plaintiff,                   **HIGHTOWER IN SUPPORT OF**
13                                                 **REMOVAL OF CIVIL ACTION TO**
             v.                                    **FEDERAL COURT**
14
    SOUTHWEST AIRLINES CO., a Texas
15  Corporation; and DOES 1 through 100,           Complaint Filed:  January 12, 2016
    Inclusive,                                     (Alameda Superior Court Case No.
16                                                 RG16799791)
                      Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HIGHTOWER DECL. ISO REMOVAL OF                                          CASE NO.
CIVIL ACTION TO FEDERAL COURT

1        I, Alison S. Hightower, hereby declare and state:

2        1.      I am a shareholder of the law firm of Littler Mendelson, P.C., counsel of

3    record for Defendant SOUTHWEST AIRLINES CO. ("SWA") in this action.

4        2.      I have personal knowledge of the facts set forth in the Declaration and I can

5    and would testify to those facts if called and sworn as a witness.

6        3.      I spoke with counsel for Plaintiff, Shaun Setareh of the Setareh Law Group,

7    on February 9, 2016 regarding this lawsuit.  Mr. Setareh informed me in that conversation that he

8    contends that SWA willfully violated the Fair Credit Reporting Act and that he seeks the maximum

9    statutory damages on behalf of Plaintiff Justin Lewis and the putative class.

10       I declare under penalty of perjury under the laws of the United States of America that

11   the foregoing is true and correct.

12   Executed this 12th day of February, 2016.

13                                        _Alison S. Hightower_

14                                        Alison S. Hightower

15   Firmwide:138609023.1 081298.1020

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
an Francisco, CA 94108 2693
415.433.1940

HIGHTOWER DECL. ISO REMOVAL OF
CIVIL ACTION TO FEDERAL COURT            1.            CASE NO.

# EXHIBIT 8

1   ROD M. FLIEGEL, Bar No. 168289
    rfliegel@littler.com
2   ALISON S. HIGHTOWER, Bar No. 112429
    ahightower@littler.com
3   LITTLER MENDELSON, P.C.
    650 California Street, 20th Floor
4   San Francisco, California  94108.2693
    Telephone:     415.433.1940
5   Facsimile:     415.399.8490

6   Attorneys for Defendant
    SOUTHWEST AIRLINES CO.
7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF ALAMEDA

10

11  JUSTIN LEWIS, on behalf of himself, all      Case No.  RG16799791
    others similarly situated,
12                                               **NOTICE TO STATE COURT OF**
                     Plaintiff,                  **REMOVAL OF CIVIL ACTION**
13                                               **(RG16799791) TO FEDERAL COURT**
              v.                                 **UNDER 28 U.S.C. §§ 1331, 1332, 1441(a), &**
14                                               **1446 BY DEFENDANT SOUTHWEST**
    SOUTHWEST AIRLINES CO., a Texas              **AIRLINES CO.**
15  Corporation; and DOES 1 through 100,
    Inclusive,                                   Complaint Filed:   January 12, 2016
16                                               Trial Date:        None set
                     Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

TTLER MENDELSON, P.C.
650 California Street
20th Floor
Francisco, CA 94108.2693
415.433.1940

NOTICE TO STATE COURT OF REMOVAL                          CASE NO. RG16799791

1    **TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES:**

2          PLEASE TAKE NOTICE that on February 12, 2016, Defendant SOUTHWEST AIRLINES

3    CO. filed a Notice of Removal of Civil Action with the office of the Clerk of the United States

4    District Court in and for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1332,

5    1441(a) and 1446.  Attached as **Exhibit 1** and incorporated herein by reference is a true and correct

6    copy of said Notice of Removal of Civil Action (Case No. RG16799791).

7          PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing of this

8    Notice of Removal of Civil Action with the United States District Court, together with the filing of

9    the Notice to State Court of Removal of Civil Action with this Court, effects the removal of this

10   action (No. RG16799791) and this Court may proceed no further unless and until the federal court

11   remands the case.

12   Dated: February 16, 2016

13                                                    _Alison S. Hightower_
                                                      ROD M. FLIEGEL
14                                                    ALISON S. HIGHTOWER
                                                      LITTLER MENDELSON, P.C.
15                                                    Attorneys for Defendant
                                                      SOUTHWEST AIRLINES CO.
16

17   Firmwide:138298767.1 081298.1020

18

19

20

21

22

23

24

25

26

27

28

TTLER MENDELSON, P.C.
650 California Street
20th Floor
Francisco, CA 94108.2693
415 433.1940

NOTICE TO STATE COURT OF REMOVAL          1.                    CASE NO. RG16799791