UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN LEWIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>　　　　　Defendant. | Case No. 16-cv-00749-JCS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>Re: Dkt. No. 9 |

## I.   INTRODUCTION

This is a putative class action alleging that Defendant Southwest Airlines Co. ("Southwest") improperly procures background checks of employment applicants during its hiring process. Plaintiff Justin Lewis, a former Southwest employee, specifically alleges that Southwest procured a background check about him without doing the following: (1) providing him with proper notice; (2) properly receiving his authorization; or (3) informing him of his statutory rights. Lewis resides in the Central District of California. Southwest, a Texas-registered corporation headquartered in Dallas, now moves to transfer venue to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). The Court finds that the Motion is suitable for determination without oral argument. The hearing scheduled for June 10, 2016, is vacated. For the reasons stated below, the Motion is GRANTED.[1]

## II.   BACKGROUND

### A.   State Court Proceedings and Removal to This Court

Lewis filed a Complaint in California Superior Court, County of Alameda, on January 12, 2016, claiming that Southwest routinely violates federal and state laws when it procures

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

background checks during its hiring process. Notice of Removal ("NOR," dkt. 1) Ex. 1 ("Compl."). Lewis specifically alleges that, when he applied to work for Southwest in January 2015, Southwest failed to notify him properly of and request his authorization for the background check of his credit, character, or personal life that it subsequently procured. *Id.* ¶¶ 25–28, 52–54, 70–73. Lewis also alleges that Southwest failed to inform him of his federal statutory rights as to that background check. *Id.* ¶¶ 43, 45.

Claiming that those actions violate the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, Lewis seeks to represent a nationwide class of individuals who applied to work for Southwest. Compl. ¶ 11. Lewis also seeks to represent two subclasses, each composed of individuals who applied to work for Southwest in California. *Id.* ¶ 2. One putative subclass is composed of individuals whose rights were allegedly violated under the California Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§ 1786 *et seq.*; the other, under the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785 *et seq.* Compl. ¶ 2.

Lewis's claims focus on three allegations: (1) Southwest procures a background check of each person who applies to work for it; (2) Southwest fails to use a stand-alone document to notify each job applicant that the background check will be performed; and (3) Southwest fails to use a stand-alone document to request authorization from each job applicant for the background checks. *Id.* ¶¶ 25–37, 52–60, 70–75.[2] Lewisalso asserts that Southwest fails to adequately inform its job applicants of their rights as required by FCRA when requesting their authorization for the background checks. *Id.* ¶¶ 42–45.

Under 28 U.S.C. § 1441(a), Southwest removed this case from state court to this district on February 12, 2016. *See* NOR.

**B.  Southwest's Motion to Transfer Venue**

Southwest filed its Motion to Transfer Venue on March 18, 2016, seeking transfer to the

---

[2] Lewis also acknowledges that, under FCRA, notice and authorization can be contained in the same document, but avers that Southwest impermissibly includes information unrelated to notice and authorization in its background check authorization form. Compl. ¶ 30.

2

Northern District of Texas. Mot. to Transfer Venue ("Mot.," dkt. 9). Southwest contends that transfer is appropriate "because Texas is where the corporate decisions regarding [Southwest]'s background check process were made, where the bulk of the pertinent documents and electronic evidence is stored, and where the majority of the witnesses are located." Mot. at 1. Southwest also contends that Lewis's choice of forum should be given little deference because he seeks to represent a nationwide class, he has no connection to this district, and the nationwide class he purports to represent is composed of relatively few Californians. *Id.*

Opposing the motion, Lewis offers several arguments as to why it should be denied: (1) Southwest has a field office in the district; (2) Lewis and his counsel would suffer inconvenience and expense from transfer; (3) his state law claims give California a local interest in the case; and (4) this district has more familiarity with California laws than the Northern District of Texas. Opp'n (Dkt. 10) at 1–2, 6–8, 9, 13–14, 16–17. Lewis also emphasizes that this case will primarily utilize written discovery and require minimal witness testimony because "the crux of this case is the content of the disclosure and authorization forms that putative class members were required to sign." *Id.* at 2.

Alternatively, Lewis requests that this Court transfer the case to the Central District of California. *Id.* at 17–18. He contends that the Central District of California is more appropriate than the Northern District of Texas because he resides there, it would be closer for particular witnesses, and it has a localized interest. *Id.* This Court first considers Southwest's Motion before turning to Lewis's alternative request.

**III. ANALYSIS**

**A. Legal Standard**

A case may be transferred "[f]or the convenience of parties and witnesses, in the interest of justice," to "any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a). There are two prongs to this analysis. First, the Court must conclude that venue is proper in the transferee district. *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, No. 03-3711 (MHP), 2003 WL 22387598, at *1 (N.D. Cal. Oct. 14, 2003). The movant bears the burden of proving this prong. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). If the

3

first prong is satisfied, the court decides whether to grant or deny a motion to transfer, balancing "the plaintiff's interest to freely choose a litigation forum against the aggregate considerations of convenience of the defendants and witnesses and the interest of justice." *Wireless Consumers*, 2003 WL 22387598, at *1; *see also* 28 U.S.C. § 1404(a). The "district court has great discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quotation marks omitted). The factors a court may consider include:

> (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum.

*Royal Queentex Enters. Inc. v. Sara Lee Corp.*, No. C-99-4787 MJJ, 2000 WL 246599, at *2 (N.D. Cal., March 1, 2000) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).[3] Weighing the relevant factors is a matter of "the discretion of the trial judge." *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007). Transfer is not appropriate under § 1404(a) where it "would merely shift rather than eliminate the inconvenience." *Decker Coal*, 805 F.2d at 843.

"'Although great weight is generally accorded to a plaintiff's choice of forum, when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight.'" *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1363 (N.D. Cal. 2007) (quoting *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)). A representative plaintiff's choice is "still entitled to some deference, even though diminished." *Id.* "Deference to a plaintiff's choice of forum is [also]

---

[3] The Ninth Circuit has endorsed a partially-overlapping set of considerations as "example[s]" of factors "the court may consider" in determining whether to transfer a contract case: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof," as well as "the relevant public policy of the forum state, if any." *Jones*, 211 F.3d at 498–99. To the extent that these factors apply to the present case, the Court addresses them within the framework of the *Royal Queentex* factors.

'substantially reduced' where the plaintiff does not reside in the [chosen] venue." *Bite Tech, Inc. v. X2 Impact, Inc.*, No. C-12-5888 EMC, 2013 WL 871926, at *4 (N.D. Cal. Mar. 7, 2013) (quoting *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001)). A court may disregard the plaintiff's chosen venue entirely if it is a result of forum-shopping. *Italian Colors Rest. v. Am. Express Co.*, No. C-03-3719 SI, 2003 WL 22682482, at *4 (N.D. Cal. Nov. 10, 2003) (citing *Alltrade Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)).

### B. This Case Could Have Been Filed in the Northern District of Texas

This prong is satisfied because the Northern District of Texas has jurisdiction to hear the case and venue would be proper. The Northern District of Texas has original subject matter jurisdiction over FCRA. 28 U.S.C. § 1331. Southwest, the only defendant, is a Texas-registered corporation headquartered in the Northern District of Texas. NOR Ex. 6 (Conway Decl.) ¶ 2. The Northern District of Texas has personal jurisdiction over Southwest and venue in that district is also appropriate. 28 U.S.C. §§ 1391(b)(1), (c)(2). Lewis does not dispute that he could have brought this action in the Northern District of Texas.

### C. Relevant Considerations Weigh in Favor of Transfer to the Northern District of Texas

#### 1. Lewis's Choice of Forum Is Entitled to Minimal Deference

The first factor in the *Royal Queentex* analysis is Lewis's choice of forum. 2000 WL 246599, at *2. This factor, of course, favors denying transfer. The question here is the weight to which Lewis's choice is entitled.

Normally, "there is a strong presumption in favor of [a] plaintiff's choice of forum." *Id.*; *see also Lou*, 834 F.2d at 739. But that deference decreases where the plaintiff is not a resident of his or her chosen forum, *e.g.*, *Carolina Cas. Co. v. Data Broadcasting Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001), or where the plaintiff seeks to represent a nationwide class, *e.g.*, *Lou*, 834 F.2d at 739. Both of those considerations apply here. Lewis, the sole named plaintiff, resides in the Central District of California. *See* Opp'n at 17–18. Lewis also seeks to represent a nationwide class and two California subclasses. Compl. ¶¶ 10–18. Under such circumstances, Lewis's "choice of forum is entitled to minimal deference." *Ward v. Fluor Enters., Inc.*, No.

C 10-04361 SBA, 2011 WL 778720, at *3–4 (N.D. Cal. Mar. 1, 2011).

The weight afforded to a plaintiff's choice of forum may also be reduced where "the relevant disputed acts supporting [the plaintiff's] theory of relief" occurred outside of the chosen forum. *Carolina Cas. Co.*, 158 F. Supp. 2d at 1048; *Bloom v. Express Servs. Inc.*, No. C 11-000009 CRB, 2011 WL 1481402, at *2 (N.D. Cal. Apr. 19, 2011). Lewis does not allege that he reviewed and submitted his job application in the Northern District of California or that Southwest's recruitment and hiring decisions emanated from this district. Rather, the record suggests that Lewis reviewed and submitted his employment application from the Central District of California; that he was recruited from the Districts of Arizona and Maryland; and that his application was reviewed in the Central District of California, District of Arizona, and Northern District of Texas. Beutler Decl. (Dkt. 9-5) ¶¶ 9–11, 14. Thus, the absence of material acts occurring within this district supports reducing the deference given to Lewis's forum choice.

The Court does not find forum shopping that would warrant disregarding Lewis's choice of forum entirely. There is no indication that Lewis has filed repeated, redundant lawsuits against Southwest in a way that suggests he has made efforts to draw a sympathetic judge or bypass an unfavorable decision. *Cf. Italian Colors*, 2003 WL 22682482, at *4. Likewise, Lewis has not indicated that he chose this forum to take advantage of favorable local rules. *Cf. Marshall v. Monster Beverage Corp.*, No. 14-cv-02203-JD, 2014 WL 3870290, at *2 (N.D. Cal. Aug. 6, 2014) (according no deference where plaintiffs admitted to choosing a forum due to its outdated local rules). Rather, it appears that Lewis chose this forum because Southwest has significant connections to this district (as compared with the Central District) and he would prefer pursuing his ICRAA and CCRAA claims in California. Opp'n at 7, 9.

The Court therefore does not wholly disregard Lewis's choice of forum, but affords it minimal deference.

### 2. Convenience of the Parties Favors Transfer

No party to this case resides in the Northern District of California. Although Southwest has a regional office in Oakland, it is headquartered in the Northern District of Texas and its departments immediately relevant to this case operate from that location and the District of

6

Arizona. Beutler Decl. ¶¶ 2, 9–14. Courts in this district have transferred actions involving corporate defendants to the state where they are headquartered, *see*, *e.g.*, *Rabinowitz v. Samsung Elecs. Am., Inc.*, No. 14-cv-00801-JCS, 2014 WL 5422576, at *4–5, 9 (N.D. Cal. Oct. 10, 2014), including actions involving alleged FCRA violations, *see*, *e.g.*, *Roe v. Intellicorp Records, Inc.*, No. 12-CV-02567-YGR, 2012 WL 3727323, at *3 (N.D. Cal. Aug. 27, 2012). Litigation in the Northern District of Texas would therefore be more convenient for Southwest.

This Court does not discount the inconvenience to Lewis of litigating his case in the Northern District of Texas and affords the disparity in resources between the parties some consideration. *Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 820 (N.D. Cal. 2008) ("[W]hile 'the parties' relative financial ability is not entitled to great weight,' it is a relevant consideration."). However, transfer would not impermissibly shift the burden from Southwest to Lewis. *Cf. Decker Coal*, 805 F.2d at 843 (holding that transfer should be denied if it merely shifts rather than eliminates inconvenience). Lewis did not file in the Central District of California where he resides and litigation would presumably be most convenient for him. *See* Opp'n at 17. Lewis's primary convenience associated with litigating in this district appears to derive from the proximity of his counsel, *see* Opp'n 2, 6, 13–14, but it is well settled in this district that the location of counsel does not factor into whether a case should be transferred under 28 U.S.C. § 1404(a). *See LightMed Corp. v. Ellex Medical Pty. Ltd.*, No. 13-cv-03933-WHO, 2013 WL 6512720, at *2 (N.D. Cal. Dec. 12, 2013); *Wilson v. Walgreen Co.*, No. C-11-2930 EMC, 2011 WL 4345079, at *5 (N.D. Cal. Sept. 14, 2011) (collecting extensive authority from within this district that "the location of plaintiff's counsel is not an appropriate factor for the Court to consider when deciding a motion to transfer" (citation omitted)).

Lewis's intention to represent a nationwide class also affects consideration of this factor. On the one hand, "[i]n putative class actions, courts routinely consider the location and concentration of putative class members in deciding motions to transfer." *Garlough v. Trader Joe's Co.*, No. 15-cv-01278-TEH, 2015 WL 4638340, at *3 (N.D. Cal. Aug. 4, 2015); *see also Roe*, 2012 WL 3727323, at *3. Here, it is likely that many more members of the putative nationwide class reside in Texas or other states near Texas's Northern District: Southwest receives

7

more employment applications from residents of Texas than those of any other state (which is supported by the fact that Southwest is headquartered there) and many more applicants reside in Southern states near Texas. *See* Beutler Decl. ¶ 15.[4]

On the other hand, "the convenience of putative class members other than [Lewis] will become irrelevant if class certification is ultimately denied." *Garlough*, 2015 WL 4638340, at *3. As a result, this Court discounts the weight given to the convenience of putative class members due to the risks of class certification being denied.

Ultimately, transfer would substantially promote convenience for Southwest. Transfer would pose limited increased inconvenience to Lewis because he does not reside in this district or the proposed transfer district. Transfer would be more convenient for the putative nationwide class as a whole, but this consideration is given minimal weight. In sum, this factor supports transfer.

### 3. Convenience of Witnesses Favors Transfer

In its motion, Southwest identified at least three party witnesses with knowledge relevant to this case. *See* Mot. at 8–10; *see also* Beutler Decl. ¶ 3. Two of those witnesses are current Southwest employees who reside and work in Dallas, Texas; another, an employee who resides and works in Phoenix, Arizona. Beutler Decl. ¶ 3.[5]

Lewis has not identified any witnesses (other than himself). Lewis has contended that witness testimony should be unneeded in this case. Opp'n at 2. Lewis cannot, however, unilaterally determine the scope of evidence. Southwest is entitled to present relevant witness testimony in its defense.

---

[4] Lewis disputes the facts regarding the location of employment applicants to which CJ Beutler attested in her declaration, specifically arguing that the time period framing her search was too short. Opp'n at 10. Lewis fails to undercut the import of Beutler's statement. From February 2014 to the time of Beutler's declaration, 31.8% of Southwest's job applicants were from Texas and another 18.4% were from Southern states near Texas. Beutler Decl. ¶ 14. During that time period, only 10.2% of applicants were from California. *Id.* These figures support the proposition that the Northern District of Texas would be the more convenient forum for members of the putative nationwide class.
[5] Contrary to Lewis's contentions, *see* Opp'n at 11–12, Southwest has sufficiently identified its key witnesses and their anticipated testimony for the purpose of ruling on this motion, *see Roe*, 2012 WL 3727323, at *3.

8

Courts have recognized that convenience to non-party witnesses is important. *See Jones*, 211 F.3d at 499. Southwest has identified four third-party corporations from whom witnesses could be sought, based in Georgia, Maryland, New York, and Texas. Mot. at 9; *see also* Beutler Decl. ¶¶ 4, 7, 11. The Northern District of Texas is the closer venue for those potential witnesses.

Based on the location of Southwest's anticipated witnesses and Lewis's failure to identify any, transfer to the Northern District of Texas would be more convenient for anticipated witnesses. Thus, this factor supports transfer.

### 4. Ease of Access to Evidence Marginally Favors Transfer

Lewis's Complaint and the parties' moving papers indicate that the evidence in this case will substantially consist of documents. *See* Compl. ¶ 11; *see also* Opp'n at 2, 11. All relevant evidence in Southwest's possession is located within or accessible from the Northern District of Texas. Beutler Decl. ¶ 6. Lewis has not identified any particular evidence located in this district. Rather, he has argued that all documentary evidence could be made electronically available. Opp'n at 15. In response, Southwest claims that it now lacks access to the electronic database that it used when many putative class members applied for employment. Reply at 12; *see* Beutler Decl. ¶ 6.

Although Southwest may currently maintain paper records for many past employment applications, that evidence and all other documentary evidence could be made available in electronic form, which substantially negates any burden of transporting the evidence from one forum to another. Indeed, Southwest fails to indicate how and why digitizing its paper records would pose a more significant burden than producing those documents in hard copy. Thus, the location of evidence favors transfer; however, it is a factor that carries less weight.

### 5. Familiarity with the Applicable Law Marginally Disfavors Transfer

The parties dispute which court is better suited to apply the applicable law. Southwest argues that the Northern District of Texas is on equal footing with this district as to its familiarity with FCRA and capacity to apply ICRAA and CCRAA. Mot. at 14–15. Lewis argues that this Court is more familiar with California's ICRAA and CCRAA. Opp'n at 6–7. Although there may be some merit to Lewis's argument that a district in California is more familiar with applying

9

California law, a number of courts have held that "[f]ederal courts have an equal ability to address claims arising out of state law." *Bloom*, 2011 WL 1481402, at *5. "District courts regularly apply the law of states other than the forum state." *Turrett Steel Corp. v. Manuel Int'l. Inc.*, 612 F. Supp. 387, 390 (W.D. Pa. 1985). Thus, "this factor is to be accorded little weight . . . because federal courts are deemed capable of applying the substantive law of other states." *Rindfleisch v. Gentiva Health Sys., Inc.*, 752 F. Supp. 2d 246, 261 (E.D.N.Y. 2010) (citation and internal quotation marks omitted). Although this Court may be a marginally better forum for Lewis's state law claims, this factor warrants minimal import.

### 6. Consolidation of Claims Is Not Relevant

Neither party has identified a similar case or claim that should be consolidated with this matter. This factor is therefore neutral.

### 7. Texas's Local Interest Predominates

"The localized interest factor requires the court to consider the current and transferee forums' interests in having localized controversies decided at home." *Ctr. for Biological Diversity v. McCarthy*, No. 14-cv-05138 WHO, 2015 WL 1535594, at *4 (N.D. Cal. April 6, 2015) (quotation marks omitted). Calling Texas "the clear epicenter for this case," Southwest argues that the Northern District of Texas has a predominant interest because Southwest is headquartered there and it employs many people who reside there. Mot. at 15. Southwest also points out that a small minority of putative nationwide class members are California residents and that Lewis's FCRA claims are "the heart of this action." *Id.* at 14. Lewis argues that California has great interest in protecting his rights and those of the putative California subclasses, which gives this forum some localized interest regardless of the fact that he resides in another district. Opp'n 16–17 (citing *McCarthy*, 2015 WL 1535594, at *5).

"[W]hen the gravamen of the case involves federal law, a state law claim is usually not a significant consideration on a motion to transfer venue." *Hoefer v. U.S. Dep't of Commerce*, No. C 00 0918 VRW, 2000 WL 890862, at *3 (N.D. Cal. June 28, 2000). Although California certainly has some interest in protecting the rights of its citizens and hearing ICRAA and CCRAA claims against corporations operating within its borders, the weight of that interest is reduced by

10

Lewis's federal claims and the projected number of federal class members residing in Texas. Furthermore, "cases in this District indicate that transferee forums also have an interest when the operative facts occurred in those forums, and that this interest outweighs California's interest in cases involving its citizens." *McCarthy*, 2015 WL 1535594, at *5. As stated previously, none of the operative facts occurred in this district and many occurred in Texas and other locations beyond California's borders. Finally, "[a]lthough [Southwest] conduct[s] business in California, [Texas] has an interest in deciding controversies involving businesses headquartered there, and that employ a substantial number of its citizens." *Bloom*, 2011 WL 1481402, at *5 (holding that this interest favored transfer to the Western District of Oklahoma even on a claim brought to enforce the judgment of a California state court); *see also Rabinowitz*, 2014 WL 5422576, at *7–8. Southwest's principal place of business is Dallas, Texas, and it employs a significant number of individuals that are Texas residents. This factor therefore favors transfer.

### 8. Court Congestion Is Neutral

Southwest requests judicial notice of statistics prepared by the Administrative Office of the Courts regarding the time to disposition of civil cases in the various district courts. Req. for Judicial Notice (Dkt. 9-1); Table: U.S. District Courts—Combined Civil and Criminal Federal Court Management Statistics (Dkt. 9-2 & 9-3).[6] Judicial notice is appropriate as a matter of public record not reasonably in dispute. Fed. R. Evid. § 201(b). As Southwest argues, Mot. at 16, the statistics show that the median time from a case's filing to the start of trial is several months shorter in the Northern District of Texas than the Northern District of California, dkt. 9-2 & 9-3. The statistics also show that the median time from a case's filing to disposition is shorter in the Northern District of Texas, *id.*, although Lewis argues that the difference is insignificant, Opp'n at 16. It is worth noting that the Northern District of Texas currently has many more pending cases relative to its number of judgeships. Dkt. 9-2 & 9-3. On balance, this factor is neutral.

### 9. The Circumstances as a Whole Favor Transfer

In sum, four of the eight *Queentex* factors weigh in favor of granting Southwest's Motion:

---

[6] *Available at* http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2015/06/30-3.

11

convenience of the parties, convenience of the witnesses, access to evidence (a weak factor), and Texas's local interests. Factors supporting denial are Lewis's choice of forum and this district's comparative familiarity with California laws, but both factors are accorded little weight. The remaining factors are neutral.

The factors recited above all serve the purpose of the statute: "the convenience of parties and witnesses [and] the interest of justice." 28 U.S.C. § 1404(a). A "fundamental principle underpinning the § 1404(a) analysis is that litigation should proceed 'in that place where the case finds its center of gravity.'" *McCormack v. Safeway Stores, Inc.*, No. C 12-4377 MEJ, 2012 WL 5948965, at *4 (N.D. Cal. Nov. 28, 2012) (quoting *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998)).

This case focuses on an overarching question: whether Southwest's employment application process—which Southwest developed in and disseminated from the Northern District of Texas—complied with federal and state statutory requirements specifically with respect to the procurement of applicant background checks. None of the operative allegations in Lewis's Complaint occurred in this district. Many lie beyond California's borders. The center of gravity for this case therefore lies in the Northern District of Texas.

The cases upon which Lewis relies are distinguishable. For example, several involve a named plaintiff residing in this district and operative facts occurring here. *See*, *e.g.*, *Sonado v. Amerisave Mortg. Corp.*, No. C-11-1803 EMC, 2011 WL 2653565, at *4 (N.D. Cal. July 6, 2011); *Holliday v. Lifestyle Lift, Inc.*, No. C 09-4995 RS, 2010 WL 3910143, at *6 (N.D. Cal. Mar. 29, 2012); *Rafton v. Rydex Series Funds*, No. C 10-1171 CRB, 2010 WL 2629579, at *2–3 (N.D. Cal. June 29, 2010). Lewis fails to cite a case that counters the great weight of authority supporting transfer.

The case most analogous to the present action is *Roe*, where the plaintiff brought a putative class action under FCRA in this district. *Roe v. Intellicorp Records, Inc.*, No. 12-CV-02567-YGR, 2012 WL 3727323, at *1 (N.D. Cal. Aug. 27, 2012). Upon the defendant's motion, Judge Gonzalez Rogers found that the following considerations supported transfer to the Northern District of Ohio: (1) the plaintiff did not reside in this forum and none of the operative allegations

12

underlying the plaintiff's claims occurred in this district; (2) the defendant had "offered evidence that approximately 97 percent of the putative class of persons . . . reside outside of California"; (3) the defendant's headquarters in the Northern District of Ohio made it a more convenient forum for the parties; (4) access to sources of proof would be easier in the Northern District of Ohio because the "case-documents reflecting [the defendant's] corporate policies and procedures, as well as its primary computer servers," were located there; and (5) the "case involve[d] a potentially large class action award against a company headquartered in the Northern District of Ohio" while the plaintiff had only a limited connection to this district. *Id.* at *3; *see also Rabinowitz*, 2014 WL 5422576, at *3–9 (transferring a putative class action case to the District of New Jersey). Although there are differences between *Roe* and this action, its reasoning is sound and persuasive.

This case lacks a meaningful connection to this district. The Northern District of Texas is the most convenient and appropriate venue for litigating it.

### D. Lewis's Alternative Request for Transfer to the Central District of California

In his Opposition, Lewis makes an alternative request: if this Court finds transfer appropriate—as it has—that it grant him transfer to the Central District of California. Opp'n at 17–18. Although Lewis did not request transfer through a noticed motion, a plaintiff may move to transfer venue under § 1404(a) and Southwest was afforded the opportunity to be heard on Lewis's transfer request in its Reply. *See* Reply at 13–14. This Court can also order transfer *sua sponte*. *See*, *e.g.*, *Berman v. Brown*, No. 5:15-cv-03282-EJD, 2015 WL 4735522, at *2 (N.D. Cal. Aug. 10, 2015). The Northern District of Texas is the center of gravity for this case. Lewis's arguments for transfer to the Central District of California, *see* Opp'n at 17–18, fail to overcome the factors supporting transfer to the Northern District of Texas.

///
///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, Southwest's Motion to Transfer Venue to the Northern District of Texas is GRANTED.

**IT IS SO ORDERED.**

Dated: June 2, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge

14