UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUSTIN LEWIS, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:16-cv-1538-M |
| SOUTHWEST AIRLINES CO., et al, | § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Judgment on the Pleadings, filed by Defendant Southwest Airlines Co. For the following reasons, the Motion [ECF #33] is GRANTED in part, and DENIED in part.

### Background

This is a putative class action brought by Plaintiff Justin Lewis against his former employer for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, the California Investigative Consumer Reporting Agencies Act ("CICRAA"), California Civil Code § 1780, *et seq.*, and the California Consumer Credit Reporting Agencies Act ("CCCRAA"), California Civil Code § 1875, *et seq.* Simply stated, Plaintiff contends that these consumer protection statutes prohibit employers from conducting background checks for job applicants, unless the employer provides the applicant with certain required disclosures in a stand-alone document. In his original Complaint, filed in

1

California Superior Court, Plaintiff alleges that Defendant violated the FCRA, the CICRAA, and the CCCRAA when it acquired various investigative consumer reports for him as part of a pre-employment background check, pursuant to an authorization provision included in an eight-page "Employment Application" that he filled out when he applied for a job with Southwest Airlines.[1] *See* Compl., Rem Not. [ECF #1], Ex.1, at ¶¶26-33, 42-44, 54-57, 73. Plaintiff alleges that the authorization Defendant used to procure these reports was not made in a stand-alone document, improperly contained a liability release, and did not include a proper summary of consumer rights, as required by the FCRA and California law. *See id.* Plaintiff further alleges that Defendant's violations were willful, and that he is thus entitled to statutory and punitive damages, in addition to actual damages. *See id.* at ¶¶33-34, 37, 60, 75.

Defendant removed this case from California state court to federal court in the Northern District of California on the basis of federal question jurisdiction, 28 U.S.C. §1331. *See* Rem. Not. at 2, ¶5. Defendant then sought and was granted a transfer of venue to the Northern District of Texas. *See* Order [ECF #18]. Defendant has now filed a Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. By its Motion, Defendant argues that Plaintiff's FCRA claims should be dismissed because the original Complaint fails to plead facts that would establish a willful violation of the statute. According to Defendant, Southwest Airlines procured a background check on Plaintiff

---

[1] Plaintiff's state court Complaint is the live pleading in this action.

pursuant to a "Consent to Request Consumer Report & Investigative Consumer Report Information" form, not his Employment Application. Defendant characterizes the consent form as a "stand-alone document which discloses that Southwest will obtain an applicant's background report for employment purposes and seeks authorization to do so," in full compliance with the FCRA and California law. Def. Mot. [ECF #33] at 8. Defendant denies that the consent form includes a liability release. Defendant also argues that Plaintiff's claim for a negligent violation of the FCRA must be dismissed, because Plaintiff failed to plead that he incurred any actual damages. With respect to Plaintiff's claims under California law, Defendant argues that Plaintiff is precluded from seeking relief under the CICRAA for the same conduct that forms the basis of his federal claims. Defendant also argues that the consent form satisfies all the requirements of the CCCRAA, and that Plaintiff has failed to plead facts establishing actual damages, which are the only type of damages available under the CCCRAA. The Motion has been fully briefed and is ripe for determination.

**Legal Standards**

A Rule 12(c) motion is governed by the same standards that apply to a Rule 12(b)(6) motion to dismiss. *See Ackerson v. Bean Dredging, LLC,* 589 F.3d 196, 209 (5th Cir. 2009). To avoid dismissal under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). The "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Twombly*, 550 U.S. at 555 (internal citations omitted).

## Preliminary Matters

As a preliminary matter, the Court must determine the extent of the materials upon which it will base its decision. Defendant seeks to have the Court consider not only Plaintiff's Complaint and Defendant's Answer, but also (1) the consent form allegedly executed by Plaintiff, and (2) the background check Defendant allegedly procured on Plaintiff.

The gravamen of Defendant's argument that it is entitled to judgment on the pleadings is that the Employment Application described in Plaintiff's Complaint is not the instrument Southwest Airlines used to procure a background check on Plaintiff. Defendant contends instead that it procured the background check on Plaintiff pursuant to the consent form, which complies with federal and California law. Defendant suggests that Plaintiff deliberately ignored the consent form and alleged facts solely related to the Employment Application in an apparent "sleight of hand" intended to divert the Court's attention away from fatal flaws in Plaintiff's claims. *See* Def. Mot. at 1. Defendant attaches to its Motion a copy of the consent form allegedly executed by Plaintiff and asks the Court to consider the consent form in evaluating its arguments.

When considering a motion to dismiss, courts are generally "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir.2000)). When a party presents "matters outside the pleadings" with a motion to dismiss, the Court has complete discretion to either accept or exclude the evidence for purposes of the motion to dismiss. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 194 n. 3 (5th Cir. 1988). If "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed. R. Civ. P. 12(b).

Here, the Court determines that the consent form constitutes a matter outside the pleadings. The consent form is not central to Plaintiff's FCRA claim, as pleaded in the Complaint. Rather, Plaintiff's claim is based solely on the Employment Application, which he alleges is the instrument Defendant used to procure a background check. The Court cannot, on the record as it stands, find that Plaintiff deliberately ignored the consent form in a duplicitous attempt to avoid early dismissal, because Plaintiff alleges that he requested his personnel file from Defendant prior to filing this lawsuit, and that the materials Southwest Airlines produced in response did not include a copy of the consent form. Pl. Resp. Br. [ECF #40] at 1, n.1. Defendant does not challenge Plaintiff's assertion that it did not provide the consent form to Plaintiff in response to his request. Thus, the Court, in its discretion, declines to now consider the consent form.

Plaintiff also argues that the consent form, which appears to have been executed almost three weeks after Plaintiff submitted his Employment Application, does not conclusively establish that Defendant procured the background check on Plaintiff pursuant to the consent form rather than the Employment Application because there is no evidence that establishes the date on which Defendant procured the background check. In response to this assertion, Defendant seeks leave to file an appendix with its reply brief that contains a copy of a "Background Report" allegedly obtained in connection with Plaintiff's application for employment with Southwest Airlines, as well as a declaration intended to authenticate the report. *See* Motion for Leave to File Appendix to Reply Brief in Support of Motion for Judgment on the Pleadings [ECF #41]. Defendant argues that this evidence would clarify the "undisputed" date Defendant ordered the background check.

It is generally improper for a party to introduce new evidence at the reply stage of a motion proceeding. *See* N.D. Tex. L. Civ. R .7.2(e) (appendix may accompany a motion or response); *Tovar v. United States*, 2000 WL 425170, at *4, n. 8 (N.D. Tex. Apr. 18, 2000), *aff'd*, 244 F.3d 135 (5th Cir. 2000). This is because the purpose of a reply brief is to rebut the nonmovant's response, not to introduce new evidence. Further, "a reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond." *Springs Indus., Inc., v. Am. Motorists Ins. Co*., 137 F.R.D. 238, 239 (N.D. Tex. 1991). Accordingly, leave to file new evidence in support of a reply will be granted only in limited circumstances. *See Dethrow v. Parkland Health Hosp. System*, 204 F.R.D. 102, 104 (N.D. Tex. 2001).

Plaintiff alleges that Defendant deliberately withheld the Background Report from him despite his pre-suit request for a copy of his personnel file and a specific request from his attorney for copies of all background checks and consumer reports obtained in connection with his employment application. Defendant does not contend that it previously provided a copy of the Background Report to Plaintiff. Defendant has not shown good cause to supplement the record at this stage in the proceedings with additional evidence that Plaintiff claims was withheld from him. Accordingly, the Court DENIES Defendant's request to file new evidence with its reply brief.

The Court determines that it will not consider the contents of the consent form or the Background Report in ruling on Defendant's Rule 12(c) Motion. To the extent this Motion is not granted, the Court anticipates Defendant will seek summary judgment on the same basis.

**Analysis**

The FCRA requires employers to provide notice to job applicants prior to obtaining a consumer report for employment purposes. 15 U.S.C. § 1681b(b)(2). The notice must be made in a stand-alone document "that consists *solely* of the disclosure[ ] that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added). The FCRA provides a private right of action against businesses that use consumer reports but fail to comply with the notice requirements of the Act. *See* 15 U.S.C. §§ 1681n, 1681o; *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 53 (2007). If the violation is negligent, the plaintiff is entitled to actual damages; if the violation is willful, the plaintiff may also be entitled to statutory damages—ranging from $100 to $1,000—and punitive

damages. 15 U.S.C. §1681n(a). A defendant acts willfully under the FCRA by either knowingly or recklessly disregarding its statutory duty. *Safeco*, 551 U.S. at 57-60. Conduct is considered reckless if it was objectively unreasonable in light of legal rules that were clearly established at the time. *See id.* at 69-70.

Defendant argues that Plaintiff's FCRA claims fail because he failed to plead any facts regarding Defendant's consent form or show that the text contained in that form violated clearly established law at the time Plaintiff signed it. Because the Court has determined that the consent form is not properly to be considered in the context of Defendant's Motion for Judgment on the Pleadings, the Court's review is limited to Plaintiff's Complaint, which is directed to the Employment Application. *See* Compl., ¶26. Plaintiff's Complaint alleges that Defendant violated the FCRA by allegedly procuring credit and background reports for Plaintiff pursuant to the Employment Application, wherein the required disclosures "are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents." Compl., ¶28.

Defendant does not argue that the Employment Application constitutes an FCRA-compliant, stand-alone disclosure. Instead, Defendant acknowledges that the Employment Application is eight pages long and "seeks detailed information about the applicant, including employment with Southwest or other airlines, military history, educational history, and provides information about employment at Southwest." Def. Mot. at 10. Defendant tacitly concedes that the provision in the Employment Application authorizing Southwest Airlines to procure background/consumer reports is contained in the same paragraph as an

8

agreement to sign a release permitting Defendant to obtain records under the federal Drug and Alcohol Testing regulations, and a release of liability for "any damage that may result from this investigation." Compl. at ¶27. Defendant also does not argue that the Employment Application provides the summary of rights required by the FCRA. Instead, Defendant looks past the Employment Application and attempts to prove its entitlement to dismissal of Plaintiff's claims based on the consent form. Without suggesting whether dismissal of Plaintiff's FCRA claims based on the consent form would be proper in another procedural context, such as a motion for summary judgment, the Court concludes that Plaintiff has pleaded sufficient facts to avoid dismissal of his FCRA claims at this stage of the litigation.

Defendant also argues that Plaintiff cannot establish a willful violation of the FCRA based on his allegation that the Employment Application includes a liability release because the law on that issue is not clearly established. Even if the Court were to accept Defendant's conclusions regarding the state of the law, the liability release is only one example of extraneous information Plaintiff alleges Defendant included in the Employment Application. Numerous courts have found that a plaintiff states a plausible claim where his or her complaint alleges that an FCRA-required disclosure included a liability release, *and* other extraneous information. *See, e.g., Shoots v. iQor Holdings US Inc.*, 183 F. Supp. 3d 950, 954 (D. Minn. 2016) (collecting cases). The Court finds that, as this stage of the proceedings, Defendant is not entitled to dismissal of Plaintiff's FCRA claims. The Court therefore DENIES Defendant's Motion for Judgment on the Pleadings with respect to Plaintiff's claims for a willful violation of the FCRA.

Defendant next argues that Plaintiff's claims for violations of the CICRAA and the CCCRAA should be dismissed because the consent form contradicts his allegation that Defendant failed to provide required information regarding the investigative consumer reporting agency. As set forth above, the consent form is not properly before the Court in the context of Defendant's Motion for Judgment on the Pleadings. The Court thus DENIES Defendant's Motion for Judgment on the Pleadings with respect to Plaintiff's claims for violations of the CICRAA and the CCCRAA. The Court does not address whether dismissal of these claims would be proper in another procedural context.

Defendant also argues that Plaintiff's claims for violations of the CICRAA should be dismissed because they are duplicative of his claims under the FCRA, and California law prohibits a plaintiff from seeking relief under both statutes at the same time. Defendant relies on Section 1786.52 of the CICRAA, which provides: "[a]ny investigative consumer reporting agency or user of information against whom an action brought pursuant to Section 1681n or 1681o of Title 15 of the United States Code is pending shall not be subject to suit for the same act or omission under Section 1786.50." Cal. Civ. Code § 1786.52(a). However, the California Supreme Court has not addressed whether this language precludes simultaneous claims under both statutes, as opposed to duplicative claims in successive actions, and other- courts are split on the issue. C*ompare Coleman v. Kohl's Dep't Stores, Inc.*, 2015 WL 5782352, at *7 n.7 (N.D. Cal. Oct. 5, 2015) (stating that to the "extent plaintiffs submit a second amended complaint that alleges both FCRA and CICRAA claims stemming from the same act or omission, §1786.52 bars those [C]ICRAA claims") *with*

10

*Burnthorne-Martinez v. Sephora USA, Inc.*, 2016 WL 6892721, at *6-7 (N.D. Cal. Nov. 23, 2016) (concluding that §1786.52 does not bar claims under the CICRAA that are duplicative of claims under the FCRA). The only California Court of Appeals decision to address the issue has held that identical language under the CCCRAA bars only subsequent suits, not simultaneous claims, involving duplicative FCRA and CCCRAA claims. *See Cisneros v. UD Registry, Inc.*, 39 Cal. App. 4th 548, 581 (1995). In the absence of authority suggesting that the California Supreme Court would interpret the CICRAA differently, the Court declines to find that Plaintiff's CICRAA claims are barred as a matter of law. Accordingly, the Court DENIES Defendant's Motion for Judgment on the Pleadings with respect to Plaintiff's claim for a violation of the CICRAA. *See Burnthorne-Martinez*, 2016 WL 6892721, at *7.

The Court comes to the opposite conclusion with respect to Plaintiff's claims for a negligent violation of the FCRA and violations of the CCCRAA. Defendant argues that Plaintiff fails to state a claim for negligent violation of the FCRA or a violation of the CCCRAA because he fails to allege any actual damages, which are a required element of both claims. *Hyde v. Hibernia Nat'l Bank*, 861 F.2d 446, 448 (5th Cir. 1988) (stating actual damages are a component of an FCRA cause of action based on negligence); *see also Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1279 (N.D. Cal. 2014) (citing *Trujillo v. First American Registry, Inc.*, 157 Cal.App.4th 628, 637–639, 68 Cal. Rptr. 3d 732 (2007))) (noting that, absent actual damages, a CCCRAA claim fails as a matter of law). In his response to Defendant's Motion, Plaintiff fails to address this contention and does not point the Court to any alleged facts that would establish actual damages. The Court therefore

11

concludes that Plaintiff has abandoned his claims for negligent violation of the FCRA and violation of the CCCRAA. *Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n. 1 (5th Cir. 2006) (holding that a claim is considered abandoned when the plaintiff fails to defend it in response to motion to dismiss). Accordingly, the Court GRANTS Defendant's Motion for Judgment on the Pleadings with respect to Plaintiff's claims for a negligent violation of the FCRA and violation of the CCCRAA.

Finally, Defendant conclusorily asserts that Plaintiff's claim for statutory damages under the CICRAA should be dismissed because the law does not allow for statutory damages in class actions. *See* Cal. Civ. Code §1786.50(a)(1) (defendant who fails to comply with requirements regarding investigative consumer report is liable to the consumer who is the subject of the report in an amount equal to the sum of "[a]ny actual damages sustained by the consumer as a result of the failure or, except in the case of class actions, ten thousand dollars ($10,000), whichever sum is greater."). Plaintiff responds that, under the Supreme Court's decision in *Shady Grove Orthopedic Assoc. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), his claim for statutory damages is not precluded merely because he seeks to proceed with the case as a class action. However, neither party's argument is adequately briefed to permit the Court to resolve the issue. The Court further determines that resolution of whether Plaintiff might be entitled to statutory damages if the case proceeds as a class action is premature at this early stage in the proceedings. Therefore, the Court DENIES Defendant's Motion for Judgment on the Pleadings with respect to Plaintiff's claims for statutory damages under the CICRAA.

**Conclusion**

Defendant's Motion for Leave to File Appendix to Reply Brief in Support of Motion for Judgment on the Pleadings [ECF #41] is DENIED, and Defendant's Motion for Judgment on the Pleadings [ECF #33] is GRANTED in part and DENIED in part.

The Motion for Judgment on the Pleadings is GRANTED with respect to Plaintiff's claims for (i) negligent violation of the FCRA and (ii) violation of the CCCRAA, and those claims are DISMISSED without prejudice. In all other respects, the Motion is DENIED, without prejudice to Defendant filing a motion for summary judgment based on the consent form. Plaintiff, having now become aware of the existence of the consent form, is admonished that, unless he contests its authenticity, he must analyze whether he may now proceed in good faith on his claims.

**SO ORDERED**.

March 6, 2017.

_____
BARBARA M. G. LYNN
CHIEF JUDGE