# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

JUSTIN LEWIS, on behalf of himself and all others similarly situated, and

*Plaintiff*

v.

SOUTHWEST AIRLINES CO., et al.,

*Defendants*

CIVIL ACTION NO. 3:16-CV-01538-M

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
Thomas Segal (SBN 222791)
thomas@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Blvd., Suite 907
Beverly Hills, California 90212
Tel:   310.888.7771
Fax:   310.888.0109

Attorneys for Plaintiff,
JUSTIN LEWIS

## **TABLE OF CONTENTS**

I.      INTRODUCTION……………………………………………………….2

II.     Under The Ninth Circuit's Syed Decision, An Employer Willfully Violates The FCRA By Using A Disclosure Form That Contains Terms In Addition To The Disclosure As Many District Courts Have Found the Sterling Form is Not a Standalone Disclosure……………………...……4

III.    As Many District Courts Have Found the Sterling Form is Not a Standalone Disclosure………………………………….………………6

IV.    In Addition To The Ninth Circuit In *Syed*, Multiple District Courts Have Found That The Inclusion Of Extraneous Information In An FCRA Disclosure Form Is A Willful Violation Of the FCRA…………………..8

V.      Southwest Misinterprets The *Safeco* Decision…………...………………9

VI.    The Motion Should Also Be Denied Because Willfulness Is An Issue Of Fact and No Discovery Has Occurred……………………….…....12

VII.   The Court Should Strike Southwest's Brief Due To Southwest's Counsel's Violation of the Texas Rules of Professional Conduct……...13

VIII.  Conclusion……………………………………….………………..13

## **INDEX OF AUTHORITIES**

**CASES**

*Accord Robrizine v. Big Lot Stores Inc.*, 2016 WL 212957 *2-3 (N.D. Ill. 2016)…5

*Aldens, Inc. v. Miller*, 610 F.2d 538, 541 (9th Cir. 1979)……………………………..4

*Avila v. NOW Health Grp., Inc.,* 2014 WL 3537825 *2 (N.D. Ill. 2014)…………7

*Case v. Hertz Corporation,*
2016 WL 1169197 *5 (N.D. Cal. 2016) (collecting cases)……...………………2,5

*Cf Harris v. Home Depot*, 114 F.Supp.3d 868, 870 (N.D. Cal. 2015)………..….6

*Dunford v. American DataBank, LLC*,
64 F.Supp.3d 1378, 1395 (N.D. Cal. 2014)…...………………………...………7,11

*Edwards v. Toys "R" Us,* 527 F.Supp.2d 1197, 1210 (C.D. Cal. 2007.)………....11

*Groshek v. Time Warner Cable, Inc.*, 2015 WL 4620013 *2 (E.D. Wis. 2015)…...7

*Haley v. Talentwise, Inc.*, 2014 WL 168480 *2 (W.D. Wa. 2014)……………….11

*Harris v. Home Depot USA, Inc.*, 2015 WL 4270313 *1 (N.D. Cal. 2015)……….7

*Heaton v. Social Finance, Inc.*, 2015 WL 6744525 *7 (N.D. Cal. 2015)…….…..11

*Jones v. Halstead Management Corp.*,
81 F.Supp.3d 324, 332-34 (S.D.N.Y. 2015.)……………………………………….5,7

*Johnson v. Casey's Gen Stores, Inc.*, 2015 WL 4542143 *3 (W.D. Mo. 2015.)…...7

*Lengel v. Home Advisor, Inc.*, 2015 WL 2088933 *8 (D. Kan. 2015)…………….7

*Martin v. Fair Collections & Outsourcing, Inc.,*
 2015 WL 4064940 *1-2 (D. Md. 2015)…………………………………………5,7

*Milborne v. JRK Residential America*,
2015 WL 1120284 *6 (E.D. Va. 2015)……………………………………………….7

*Miller v. Quest Diagnostics*, 85 F.Supp.3d 1058, 1061 (W.D. Mo. 2015)………...7

*Moore v. Rite Aid Corp.*, 2015 WL 344227 *12 (E.D. Pa. 2015)…………………7

*Rawlings v. ADS Aliiance Data Sys.*, 2015 WL 3866885 *6 (W.D. Mo. 2015);…..7

*Reardon v. ClosetMaid Corp.,* 2013 WL 6231606 *10 (W.D. Pa. 2013)………….7

*Safeco Ins. Co. of America v. Burr,*
 551 U.S. 447 (2007)……………………………………………………...……..2,8

*Singleton v. Domino's Pizza Inc.,* 2012 WL 245965 *9 (D. Md. 2012)………..…7

*Speer v. Whole Food Market Group, Inc.,*
2015 WL 1456981 *3 (M.D. Fla. 2015)……………………………………………7

*Syed v. M-I, LLC,*
853 F.3d 492 (9th Cir. March 20, 2017.)………………………………………1,3

*Syed v. M-I, LLC,* 846 F.3d 1034 (9th Cir. January 20, 2017.)………………..…3

*Van Dusen v. Barrack,* 376 U.S. 612 (1964.)………………………………..4

## STATUTES

15 U.S.C. § 1681o(a)………………4, 10

I.     **Introduction.**

Under the Fair Credit Reporting Act ("FCRA") an employer who wishes to procure a background check report on a prospective employee must comply with certain requirements, including a disclosure in a document consisting "solely of the disclosure." The Ninth Circuit has recently held that based upon the plain language of the statute, an employer willfully violates the FCRA whenever the disclosure form includes terms in addition to the disclosure. *Syed v. M-I, LLC,* 853 F.3d 492 (9th Cir. March 20, 2017.) *Syed* is the only Circuit Court authority interpreting the standalone disclosure requirement of the FCRA.

Under *Syed* there is no doubt that Southwest violated the FCRA willfully. Southwest procured a background report on Plaintiff Justin Lewis while using a disclosure form which violated the requirement that the disclosure be in a document consisting "solely of the disclosure." In fact, the disclosure form contains multiple types of extraneous information in addition to the disclosure. For example, while Southwest asserts repeatedly that its FCRA disclosure, the "Consent Form" or "Sterling Form" does not contain a liability release it contains a provision which is the functional equivalent of a liability release. The Consent Form/ Sterling Form includes an exculpatory clause which requires the employment applicant to certify that: "I . . . fully understand that all employment decisions are based on legitimate non-discriminatory reasons." Beutler Decl. Exh. C. App. 0038. This certification is not in any way necessary to the background check disclosure and authorization. Instead the provision serves to exculpate the employer if an applicant sues alleging invidious discrimination.

The form also includes multiple notices about state law, not just California where Plaintiff applied for his job, but also Maine, Massachusetts, Minnesota, New Jersey, Oklahoma and Washington. It includes not just Sterling's California address (which is relevant to Plaintiff) but also its New York address which has no

relevance to Plaintiff. It also includes a misleading statement of the consumer's legal right to dispute inaccurate information as well as other extraneous information. Not surprisingly multiple courts have found that the Consent/Sterling form is unlawful. *Case v. Hertz Corporation,* 2016 WL 1169197 *5 (N.D. Cal. 2016) (collecting cases.)

In fact, the evidence supports a finding of willfulness not only under the Ninth Circuit's decision in *Syed* and multiple district court cases, it supports a finding of willfulness under this Court's prior order on the motion for judgment on the pleadings. This Court held that there is an inference of willfulness where the disclosure form contains a liability release and other extraneous information. That is exactly the situation that exists in this case.

Southwest points to the United States Supreme Court's decision in *Safeco Ins. Co. of America v. Burr,* 551 U.S. 447 (2007) and argues that case stands for the proposition that a defendant cannot act willfully under the FCRA in the absence of case law or agency guidance stating that their interpretation of the law is incorrect. This is a misinterpretation of *Safeco* which turned not just on the absence of case law or agency guidance but also on the lack of clarity in the statutory language at issue, language regarding increases in insurance premiums based on credit scores. Here, the statutory language is unambiguous as the Ninth Circuit held and as is apparent from reading the relevant language.

Southwest presents its motion as one involving a question of law which can be resolved in its favor on summary judgment without benefit of discovery. Southwest, however, hedges its bets, purporting to "reserve argument" on and asking this Court not to reach "the separate fact question of whether Southwest's alleged violation was knowing or reckless." Memo at 21. Southwest also betrays a lack of confidence in its position by resorting to improper personal attacks against the named Plaintiff. Southwest asserts twice that Plaintiff Justin Lewis was fired

for sending "explicit texts" to a coworker. This is a violation of Texas Rule of Professional Conduct 3.04(c) which provides that: "A lawyer shall not . . . state or allude to any matter that the lawyer does not reasonably believe is relevant to such proceeding." Whether or why Justin Lewis was fired has no relevance whatsoever to the issues before the Court.

In summary, since the "Consent Form" or "Sterling Form" contains language akin to a liability release and multiple other forms of extraneous information, this Court should hold that there is a triable issue of fact as to willfulness. Such a ruling would be consistent with the Ninth Circuit's decision in *Syed*, consistent with the plain language of the FCRA, and consistent with this Court's prior ruling.

**II.     Under The Ninth Circuit's *Syed* Decision, An Employer Willfully Violates The FCRA By Using A Disclosure Form That Contains Terms In Addition To The Disclosure.**

Southwest buries in a footnote the only circuit court authority regarding the stand alone disclosure requirement of the Fair Credit Reporting Act. The Ninth Circuit recently handed down a case which is dispositive in Plaintiff's favor. On January 20, 2017 the Ninth Circuit handed down its opinion in *Syed v. M-I, LLC*, 846 F.3d 1034 (9th Cir. January 20, 2017.) The Ninth Circuit then issued an amended opinion (which did not change any of the discussion pertinent to Southwest's motion) on March 20, 2017. *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. March 20, 2017.)

While Southwest now disputes the relevance of the *Syed* decision, in its earlier motion to dismiss Southwest relied upon the trial court decision which the Ninth Circuit reversed. (ECF No. 33 at 15 fn 7 (citing to *Syed* trial court opinion as supporting dismissal of Plaintiff's claims.) More importantly, were the Fifth Circuit to decide this issue, it would give great weight to a decision from a sister

circuit. *See Aldens, Inc. v. Miller*, 610 F.2d 538, 541 (8th Cir. 1979): "[A] sister circuit's reasoned decision deserves great weight and precedential value." Further, because this case was transferred from the Ninth Circuit, this Court should apply *Syed* in the interest of comity. *See Van Dusen v. Barrack,* 376 U.S. 612 (1964.)

In *Syed*, the FCRA disclosure contained a term purporting to waive any liability of the employer related to the background check. *Id.* at *3. The Ninth Circuit held that under the plain language of the FCRA the required disclosure must be in "a document that consists solely of the disclosure" the inclusion of the liability release was impermissible: "We must begin with the text of the statute. Where congressional intent has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive . . . . The ordinary meaning of 'solely' is '[a]lone; singly' or entirely exclusively." *Id.* at 5. The Ninth Circuit also held that due to the clarity of the statutory language requiring that the disclosure be in a document consisting "solely" of the disclosure: "a prospective employer's violation of the FCRA is "willful" when the employer includes terms in addition to the disclosure." *Id*. at 1.

It does not matter that *Syed* was handed down after Southwest used the forms at issue when hiring Plaintiff. What *Syed* tells us is that because the "stand alone disclosure" requirement is clear "a document consisting solely of the disclosure" a violation is willful. All Southwest had to do to comply with the stand alone disclosure requirement was to follow Justice Frankfurter's advice to "Read the statute, read the statute, read the statute!" *In re England*, 375 F.3d 1169, 1182 (D.C. Cir. 2004)(Roberts J.) Southwest then would have known that it could not include an exculpatory provision requiring the job applicant to acknowledge that all employment decisions are non-discriminatory.

Under *Syed,* the analysis is simple. Does the "Sterling Form" used by Southwest contain terms in addition to the disclosure? If the answer is yes, and as

set forth below the answer is yes, then Southwest willfully violated the FCRA.

### III. As Many District Courts Have Found the Sterling Form is Not a Standalone Disclosure.

Multiple district courts have found that the very form at issue here is not a standalone disclosure as required by the Fair Credit Reporting Act. For example in *Case v. Hertz Corporation*, 2016 WL 1169197 *5(N.D. Cal. 2016) the district court found that the Sterling Form is not a standalone disclosure because it contains: "information regarding time frames within which the applicant may receive a copy of the report, an acknowledgment that "all employment decisions are based on legitimate non-discriminatory reasons," and a state-specific disclosure unrelated to Case's potential employment in California." *Accord Robrizine v. Big Lot Stores Inc.*, 2016 WL 212957 *2-3 (N.D. Ill. 2016); *Martin v. Fair Collections & Outsourcing, Inc.,* 2015 WL 4064940 *1-2 (D. Md. 2015); *Jones v. Halstead Management Corp.*, 81 F.Supp.3d 324, 332-34 (S.D.N.Y. 2015.)

The Sterling Form used by Southwest is either identical or materially similar to the Sterling Forms examined in these cases and found to be deficient. Beutler Decl. Exh. C App. 38. For example, the form includes state law notices from Maine, Massachusetts, Minnesota, New Jersey , and Oklahoma. It contains information about Article 23A of New York's Correction Law. It contains information about the Washington Fair Credit Reporting Act. It requires the applicant to acknowledge that: "I fully understand that all employment decisions are based on legitimate non-discriminatory reasons." It also inaccurately states that applicants must dispute inaccurate information within five business days of receipt of the report. The FCRA contains no such deadline.

Notably, Southwest does not discuss the disclaimer that "I fully understand that all employment decisions are based on legitimate non-discriminatory reasons."

This disclaimer is no different than the liability release at issue in *Syed*.[1] Its obvious purpose is to provide protection to Southwest if Southwest is sued for invidious discrimination. Southwest could not possibly have felt that it was a necessary part of the FCRA disclosure. The disclaimer is included for Southwest's benefit. This further supports a finding of willfulness. *Cf Harris v. Home Depot*, 114 F.Supp.3d 868, 870 (N.D. Cal. 2015): "the employer does have something to gain (separate from the successful performance of a background check) by inserting a provision by which the applicant releases the employer from liability. So in this situation, it's plausible that Home Depot inserted this language into the disclosure form despite knowing that to do so would violate the FCRA, or at least with reckless disregard for the FCRA's requirements." The same is true here. Southwest had something to gain by adding a waiver regarding discrimination claims. Therefore it is plausible it was done knowingly or with reckless disregard of the FCRA's requirements.

In fact, under this Court's prior ruling on the Motion for Judgment on the Pleadings, the evidence shows a willful violation of the FCRA. This Court ruled as follows: "Numerous courts have found that a plaintiff states a plausible claim where his or her complaint alleges that an FCRA-required disclosure included a liability release, and other extraneous information." (ECF No. 49 at 9.) Here, there is a exculpatory disclaimer which is functionally the same as a liability release, and multiple other forms of extraneous information.[2] Therefore, evidence of

---

[1] In briefing the earlier motion to dismiss, Southwest represented to this Court that the Sterling Form (which Southwest calls the "Consent Form" does not contain "anything that could be called a liability release." ECF No. 48 at 2. But the exculpatory disclaimer that the applicant acknowledges that "all employment decisions are based on legitimate non-discriminatory reasons" is akin to a liability release.

[2] The Court issued this ruling pursuant to a Motion for Judgment on the Pleadings. But since Plaintiff has not been permitted discovery on the issue of willfulness, and Defendant has not even introduced any evidence on the issue, there is no reason that Plaintiff should be somehow held to a higher standard. The

willfulness exists (even though Plaintiff has had no discovery on the issue) and the motion for summary judgment should be denied.

**IV. In Addition To The Ninth Circuit In *Syed*, Multiple District Courts Have Found That The Inclusion Of Extraneous Information In An FCRA Disclosure Form Is A Willful Violation Of the FCRA.**

While the only circuit court authority to address the issue is *Syed*, multiple district courts have found that the inclusion of extraneous information in an FCRA disclosure form is a willful violation of the FCRA. *Avila v. NOW Health Grp., Inc.,* 2014 WL 3537825 *2 (N.D. Ill. 2014); *Harris v. Home Depot USA, Inc.,* 2015 WL 4270313 *1 (N.D. Cal. 2015); *Dunford v. American Databank, Inc.,* 64 F.Supp.2d 1378, 1388 (N.D. Cal. 2014); *Singleton v. Domino's Pizza Inc.,* 2012 WL 245965 *9 (D. Md. 2012); *Reardon v. ClosetMaid Corp.,* 2013 WL 6231606 *10 (W.D. Pa. 2013); *Speer v. Whole Food Market Group, Inc.,* 2015 WL 1456981 *3 (M.D. Fla. 2015); *Lengel v. Home Advisor, Inc.,* 2015 WL 2088933 *8 (D. Kan. 2015); *Milborne v. JRK Residential America*, 2015 WL 1120284 *6 (E.D. Va. 2015) *Jones*, 81 F.Supp.3d at 332; *Groshek v. Time Warner Cable, Inc*., 2015 WL 4620013 *2 (E.D. Wis. 2015); *Martin*, 2015 WL 4064970 *4; *Moore v. Rite Aid Corp*., 2015 WL 344227 *12 (E.D. Pa. 2015); *Rawlings v. ADS Aliiance Data Sys*., 2015 WL 3866885 *6 (W.D. Mo. 2015); *Miller v. Quest Diagnostics*, 85 F.Supp.3d 1058, 1061 (W.D. Mo. 2015); *Johnson v. Casey's Gen Stores, Inc*., 2015 WL 4542143 *3 (W.D. Mo. 2015.)

In fact, one of the courts that has so held is this Court *in this case*: "Numerous courts have found that a plaintiff states a plausible claim where his or her complaint alleges that an FCRA-required disclosure included a liability release,

---

reason Defendant brings its motion as a summary judgment motion is because there is a factual issue as to which of the two FCRA disclosure forms applies, and Southwest needed to introduce a declaration to show that the Sterling Form is the form which applies.

and other extraneous information." (ECF No. 49 at 9.)

It is also worth noting that of the cases cited above, *Jones* and *Martin* involved the *Sterling* form at issue in this case and concluded that the facts supported an inference of willfulness. There is no reason why the issue of willfulness in this case should not at a minimum go to a jury.

## V.   Southwest Misinterprets The *Safeco* Decision.

Southwest relies on *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007) and argues that its conduct was not willful under the test for willfulness as set forth in that case. It is worth examining the underlying dispute in *Safeco* in which the United States Supreme Court found that the insurance company defendant violated the Fair Credit Reporting Act but had not done so willfully. In that case, the defendant Safeco Insurance set the initial rate for insurance based in part upon the policyholder's credit score. The issue was whether this is an "adverse action" under the FCRA requiring a notice to the consumer pursuant to 15 U.S.C. § 1681m(a). Notably, the FCRA states that as to insurance, "adverse action" is "a denial or cancellation of, **an increase in any charge for**, or a reduction, or other adverse or unfavorable change in the terms of coverage of or amount of, any insurance, existing or applied for." § 1681a(k)(1)(B)(i.) (Emphasis added.) Thus, in *Safeco*, the Supreme Court had to decide two issues. First, has the insurance company "increased" a charge for insurance where the consumer never previously had a policy with the company, but the insurer would have charged a lower premium if the consumer had a better credit score? Second, assuming that this is an "increase" in a charge for insurance, did Safeco willfully violate the FCRA by concluding that there cannot be an increase in the charge for insurance when there was no prior charge for insurance.

The Supreme Court concluded that this is an increase in the charge for

insurance agreeing with the position taken by the federal government as amici:

> "The Government gives the example of a gas station owner who charges more than the posted price for gas to customers he does not like; it makes sense to say that the owner increases the price and that the driver pays an increased price even if he never pulled in there for gas before. . . . . The Government implies, then, that reading "increase" requires a choice, and the chosen reading should be the broad one in order to conform to what Congress had in mind. We think that the Government's reading has the better fit with the ambitious objective set out in the Act's statement of purpose, which uses expansive terms to describe the adverse effects of unfair and inaccurate credit reporting."

*Safeco* is a case where the plain language of the statute was ambiguous. Does an "increase" in a charge for insurance require a prior transaction or does "increase" include a charge which is higher than the insurer offers to consumers with a higher credit rating? The parties offered two competing plausible explanations. The Supreme Court chose one interpretation over another because it better fit the protective purpose of the statute.

In light of this ambiguity in the statutory language, the Supreme Court went on to consider whether Safeco's violation was willful. First, the Supreme Court rejected Safeco's argument that a "willful" violation of the FCRA must be intentional as opposed to reckless finding that a willful violation includes "careless disregard whether or not one has the right to so act." *Id*. at 57. The Supreme Court noted that "willful" means something different in the civil context than it does in the criminal context: "As we have said before, in the criminal law "willfully" typically narrows the otherwise sufficient intent, making the government prove something extra, in contrast to its civil law usage, giving a plaintiff a choice of mental states to show in making a case for civil liability." *Id.* at 60.

The Supreme Court then announced that under the FCRA "recklessness" exists where "the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id*. at 69.

The Supreme Court then concluded as follows: "Safeco's reading of the

statute, albeit erroneous, was not objectively unreasonable. As we said, §1681a(k)(1)(B)(i) is silent on the point from which to measure "increase." On the rationale that "increase" presupposes prior dealing, Safeco took the definition as excluding initial rate offers for new insurance, and so sent no adverse action notices to Burr and Massey. While we disagree with Safeco's analysis, we recognize that its reading has a foundation in the statutory text . . . and a sufficiently convincing justification to have persuaded the District Court to adopt it and rule in Safeco's favor."

The Supreme Court then noted that there was no regulatory guidance or case law contrary to Safeco's position and stated that: "Given this dearth of guidance **and** the less than pellucid text Safeco's reading was not objectively unreasonable." *Id.* at 70. (Emphasis added.)

In Plaintiff's view there are two takeaways from *Safeco t*hat are critical to the proper resolution of the instant motion. First, *Safeco* turned on the fact that there was more than one plausible interpretation of the term "increase" as used in the statute. Southwest does not offer an alternative interpretation of "document consisting solely of the disclosure" that would permit it to insert an exculpatory acknowledgment that all employment decisions are non-discriminatory or to include state laws unrelated to plaintiff Lewis's employment. Indeed, Southwest does not explain why its interpretation of "solely of the disclosure" is. Second, *Safeco i*nvolved a different section of the FCRA than the one at issue here. Therefore the Supreme Court's conclusion that the text was "less than pellucid" is not a statement about the clarity of the requirement of a disclosure in a document consisting "solely" of the disclosure.

Southwest tries to muddy the issue by saying that: "What constitutes a compliant 'disclosure' is less than pellucid." Memo at 21. But the issue is whether the requirement that the disclosure be in a document consisting "solely of the

disclosure" is ambiguous. It is not. This case therefore is nothing like *Safeco.*

## VI. The Motion Should Also Be Denied Because Willfulness Is An Issue Of Fact and No Discovery Has Occurred.

Southwest's motion for summary judgment argues inconsistently that this Court can decide the issue of willfulness against Plaintiff without any discovery, but that if the Court denies summary judgment the issue of whether Southwest's action were "knowing or reckless" should be treated as a "separate fact question." Willfulness under the FCRA is generally a question of fact. *E.g, Edwards v. Toys "R" Us,* 527 F.Supp.2d 1197, 1210 (C.D. Cal. 2007.)   Southwest offers no explanation why this rule should be applied to Southwest's benefit but not Plaintiff's.

Further, unlike the defendants in *Safeco,* Southwest has offered no evidence of what it's purportedly "objectively reasonable" interpretation of the FCRA was. As a district court explained in distinguishing Safeco on this basis: "Merely articulating a possible objectively reasonable interpretation does not meet the burden of showing that there is a lack of dispute as to a material fact." *Heaton v. Social Finance, Inc.,* 2015 WL 6744525 *7 (N.D. Cal. 2015); *see also Haley v. Talentwise, Inc.,* 2014 WL 168480 *2 (W.D. Wa. 2014): "determining whether Talentwise's interpretation is objectively reasonable would require factual determinations (i.e. testimony from Talentwise's employees regarding Defendant's interpretation"; *Dunford v. American DataBank, LLC*, 64 F.Supp.3d 1378, 1395 (N.D. Cal. 2014): "There remain gaps in the record, as fact discovery has not closed, so without the benefit of a more complete record, this order cannot find that [Defendant] did not willfully violate [the FCRA.]"  Here, too, this Court should not decide willfulness without affording Plaintiff an opportunity to conduct discovery.

//

//

### VII. The Court Should Strike Southwest's Brief Due To Southwest's Counsel's Violation of the Texas Rules of Professional Conduct.

Southwest's brief twice asserts that Plaintiff was terminated for sending "explicit" text messages to a co-worker. This statement, which is unsupported by any evidence, is improper. Texas Rule of Professional Conduct 3.04(c) provides that: "A lawyer shall not . . . state or allude to any matter that the lawyer does not reasonably believe is relevant to such proceeding." Comment 4 to the Rule explains that: "Paragraph (c) restates the traditional Texas position regarding the proper role of argument and comment in litigation. The obligations imposed by that paragraph to avoid seeking to influence the outcome of a matter by introducing irrelevant or improper considerations into the deliberative process are important aspects of a lawyer's duty to maintain the fairness and impartiality of adjudicatory proceedings." Southwest's purported reasons for terminating Plaintiff have nothing to do with the issues before the Court. Defense counsel could not have reasonably believed otherwise. This Court should remedy the violation by striking Southwest's brief.

### VIII. Conclusion.

The plain language of the FCRA provides that the required disclosure be in a document "consisting solely of the disclosure." Southwest obtained a background check report on Plaintiff without following this requirement. Since Southwest violated the plain language of the statute, Southwest's motion for summary judgment should be denied.

Dated: May 4, 2017                                     SETAREH LAW GROUP

                                                       /s/ Shaun Setareh
                                                       Shaun Setareh
                                                       Attorney for Plaintiff