IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUSTIN LEWIS, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-01538-M |
| SOUTHWEST AIRLINES CO., | § § § | |
| Defendant. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion for Summary Judgment [ECF #55], filed by Defendant Southwest Airlines Co. ("Southwest"). For the following reasons, the Court GRANTS the Motion.

## **Background**

In January 2015, Plaintiff Justin Lewis applied for a job with Southwest as a part-time ramp agent at LAX airport in Los Angeles, California. In connection with his application, Plaintiff executed a two-page "Consent to Request Consumer Report & Investigative Consumer Report Information" (the "Consent Form"), pursuant to which Plaintiff authorized Southwest to engage Sterling Infosystems Inc. ("Sterling") to obtain information regarding Plaintiff's "character, general reputation, personal characteristics and standard of living, driving record and criminal record" and to prepare an investigative consumer report for employment purposes. *See* Def. MSJ App. [ECF #57], Ex. 1C at 38. The next month, Sterling procured the report authorized by Plaintiff. *See id.*, Ex. 1E. Southwest later hired Plaintiff, but terminated him shortly thereafter for reasons unrelated to the investigative consumer report prepared by Sterling.

Plaintiff subsequently filed this putative class action lawsuit against Southwest for allegedly violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the California Investigative Consumer Reporting Agencies Act ("CICRAA"), California Civil Code §1780, *et seq.*, and the California Consumer Credit Reporting Agencies Act ("CCCRAA"), California Civil Code §1875, *et seq.* More specifically, Plaintiff contends that Southwest violated the FCRA and the California consumer protection statutes by failing to provide him with certain statutorily-required disclosures in a stand-alone document before it procured the investigative consumer report from Sterling. *See* Rem. Not. [ECF #1], Ex. 1 at ¶¶26-33, 42-44, 55-57, 73. Plaintiff further contends that the Consent Form contained impermissible, extraneous material, including "a functional equivalent of" a liability release. Pl. MSJ Resp. Br. [ECF #59] at 5. On March 16, 2017, the Court granted, in part, Southwest's motion for judgment on the pleadings, and dismissed Plaintiff's claim for negligent violation of the FCRA and his CCCRAA claim. *See* Mem. Opn. & Order [ECF #49]. Plaintiff's only remaining claims are his claim for willful violation of the FCRA and his CICRAA claim. Southwest now moves for summary judgement as to those claims.

**Legal Standard**

Summary judgment is appropriate if the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A dispute of a material fact is genuine if a reasonable jury viewing the evidence could reach a verdict in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the initial burden of showing the absence of evidence to support the no movant's claims. *Celotex*, 477 U.S. at 325. Once the movant satisfies this initial

burden, the burden shifts to the nonmovant to show summary judgment is not proper. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). To carry this burden, the nonmovant must designate specific facts in the record to show the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 325. All evidence and inferences must be viewed in the light most favorable to the nonmovant. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

**Analysis**

The FCRA limits the use of consumer reports in the employment context. *See* 15 U.S.C. §1681b. Among other things, the FCRA provides that a person may not procure a consumer report for employment purposes unless (i) "a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a *document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes" and (ii) the consumer has authorized the report in writing. 15 U.S.C. §1681b(b)(2)(A) (emphasis added). The italicized provision is sometimes referred to as the "stand-alone" requirement. The FCRA does not define the word "disclosure," but section 1681d(a)(1) requires that the disclosure:

> clearly and accurately disclose[ ] to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure (A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and (B) includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to section 1681g(c) of this title.

Section 1681g(c) summarizes consumer rights to obtain and dispute information in consumer reports and to obtain credit scores, including:

> (i) the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency;
>
> (ii) the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge under the FCRA;
>
> (iii) the right of a consumer to dispute information in the consumer's file;
>
> (iv) the right of a consumer to obtain a credit score from a consumer reporting agency, and a description of how to obtain a credit score;
>
> (v) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and
>
> (vi) the method by which a consumer can contact, and obtain a consumer report from a consumer reporting agency.

*See* 15 U.S.C. §1681g(c)(1)(B). Notwithstanding the stand-alone requirement, the FCRA permits the authorization to obtain the report to be included on the required disclosure. *Id.*, §1681b(b)(2)(A)(ii).

A consumer may recover actual, statutory, and punitive damages, as well as attorney's fees for willful non-compliance with any requirement under the FCRA. *Id.*, §1681n. In *Safeco Insurance Company of America v. Burr*, 551 U.S. 47 (2007), the Supreme Court held that willfulness under the FCRA encompasses both knowing and reckless disregard of a statutory duty. *Safeco*, 551 U.S. at 57. A reading of the FCRA that is erroneous but "not objectively unreasonable" is not willful as a matter of law. *Id.* at 69. In evaluating whether a party's reading of the FCRA was objectively unreasonable, the Supreme Court evaluated (1) whether the statute

was "less-than-pellucid," (2) whether the reading had "a foundation in the statutory text," (3) and the availability of circuit court precedent and authoritative guidance from the Federal Trade Commission ("FTC"). *Id.* at 69-70. The Court also considered whether the party's reading had previously been found sufficient by a district court. *Id.* The Court suggested that published FTC letters would not qualify as authoritative regulatory guidance. *Id.* at 70, fn. 19 (characterizing such letters as "merely an 'informal staff opinion . . . not binding on the Commission'"). The Ninth Circuit recently became the first federal court of appeals to offer guidance on the stand-alone requirement. In *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017), the court held that including a liability waiver in an FCRA disclosure is a willful violation, as a matter of law. *Syed*, 853 F.3d at 503.

As an initial matter, the Court determines Southwest is entitled to summary judgment on Plaintiff's claims that it violated the FCRA by failing to give Plaintiff a copy of the FCRA Summary of Rights and for willful violation of the CICRAA. Plaintiff abandoned these claims by failing to address Southwest's arguments for dismissal in his summary judgment response. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (claim deemed abandoned when party failed to pursue it beyond initial pleading); *Bassknight v. Deutsche Bank Nat'l Trust Co.*, 2014 WL 6769085, at *3 (N.D. Tex. Dec. 1, 2014) (Lynn, J.) (same). Even if Plaintiff had not abandoned those claims, they would fail on the merits. First, the Consent Form plainly provides Plaintiff with the summary of rights information required by section 1681(g)(c). *See* Def. MSJ App., Ex. 1C at 38. Further, Plaintiff has not alleged, much less identified evidence in the record creating a genuine fact issue, that he incurred actual damages as a result of any alleged violation of the CICRAA. Although the California statute allows for statutory damages, such damages are not recoverable on a class basis, which is the basis on which Plaintiff pursues such

damages here. *See* Cal. Civ. Code §1786.50(a)(1) (limiting recovery to "[a]ny actual damages sustained by the consumer as a result of the failure or, *except in the case of class actions*, ten thousand dollars ($10,000), whichever sum is greater") (emphasis added); *see also Espinosa v. Bluemercury, Inc.*, 2017 WL 1079553, at *3 (N.D. Cal. Mar. 22, 2017) (holding California law limits relief available in class actions to actual damages).

The Court further determines that Southwest is entitled to summary judgment on Plaintiff's claim for willful violation of the FCRA's stand-alone disclosure requirement. The gravamen of Plaintiff's claim is that the Consent Form contained impermissible provisions in addition to the statutorily-required disclosures, including: an acknowledgment (the "Acknowledgment") that the consumer "[is] voluntarily releasing my date of birth, social security number and the other information and fully understand[s] that all employment related decisions are based on legitimate non-discriminatory reasons," which Plaintiff characterizes as the "functional equivalent" of a liability release; various notices about state law, including states of which Plaintiff is not a resident; Sterling's New York address; a statement of the consumer's legal right to dispute inaccurate information; and unspecified "other extraneous information." Pl. MSJ Resp. Br. at 5-6. Plaintiff urges this Court to follow the *Syed* Court's strict interpretation of the FCRA and conclude that the statute unambiguously provides that the inclusion of any information in the Consent Form beyond the statutorily-required disclosures is unreasonable and constitutes a willful violation as a matter of law.

Southwest argues that summary judgment in its favor is appropriate because any information in the Consent Form beyond the statutorily-required disclosures does not rise to the level of impermissible extraneous information and, in any event, any violation of the stand-alone requirement is not willful because including such information was not objectively unreasonable

6

under the *Safeco* standard. Southwest contends the FCRA is "less than pellucid" because several key statutory terms are not defined in the statute, including "solely," "disclosure," "document," and "authorization." Southwest also points to FTC advisory opinion letters permitting "some additional information" to be included on FCRA disclosures. Southwest notes that the FTC's own FCRA disclosure for its employees includes a variety of additional items and that West's model FCRA disclosure form contains a liability release. *Id.* at p. 12. Further, Southwest points out that there is no model disclosure form or text provided by the government. *Id.* at p. 13. Southwest additionally argues that an amendment to the FCRA, which permitted an "authorization" to be included on the document that had previously been required to "solely" contain a disclosure, adds further confusion and ambiguity to the statute. *Id.* at p. 13-14. Finally, Southwest points to a lack of circuit court guidance available in January 2015, the date Plaintiff executed the Consent Form, as well as a variety of trial court decisions, both before and after that date, holding that a violation of the stand-alone requirement is not necessarily willful. *Id.* at 14-17.

Having reviewed all the evidence and the relevant authority, the Court finds that the inclusion of the Acknowledgment and other extraneous information on the Consent Form contravenes the FCRA's stand-alone disclosure requirement, but, under the circumstances presented here, the violation was not willful, as a matter of law. The word "solely," as used in section 1681b(b)(2)(A), unambiguously prohibits the inclusion of substantive provisions extraneous to the FCRA's required disclosures. "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 622 (5th Cir. 2013). The plain and ordinary meaning of the word solely is

7

"without another; singly," and "to the exclusion of all else." *See, e.g., Merriam–Webster Online Dictionary* (2015), www.merriam-webster.com. Nothing in the specific context in which the word solely is used in section 1681b(b)(2)(A) or the broader context of the FCRA as a whole compels a different conclusion. *See Syed*, 853 F.3d at 500 (holding that FCRA's stand-alone disclosure requirement permits only words creating the disclosure itself, to the exclusion of all other information); *Landrum v. Harris Cty. Emergency Corp.*, 122 F. Supp. 3d 617, 623-24 (S.D. Tex. 2015) (same).

The Court declines to determine whether the Acknowledgment is the functional equivalent of a liability waiver. However, the language is a substantive provision that could affect the legal relationship between Plaintiff and Southwest. The Acknowledgment does not further the overall purpose of the disclosure requirement to inform consumers of their rights to obtain and dispute information in consumer reports and to obtain credit scores. The other extraneous information in the Consent Form is not substantive, but also does not further the overall purpose of the disclosure requirement, and the inclusion of such extraneous information could limit the effectiveness of the disclosures, or increase the possibility of consumer confusion about those rights. Thus, the Court determines that the inclusion of the Acknowledgment and other extraneous information in the Consent Form violates the FCRA's stand-alone requirement.

Notwithstanding this conclusion, the Court finds that the violation was not willful. As stated earlier, willful violations of the FCRA include both intentional and reckless violations of the law. *See Safeco*, 551 U.S. at 52, 57–60. "[A] company subject to [the] FCRA does not act in reckless disregard of it unless the action . . . shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id*. at 69. To constitute a willful violation, the company's interpretation of the FCRA must have been

"objectively unreasonable." *Id*. at 68–70. The Supreme Court measures objectivity by assessing whether the defendant's interpretation of the FCRA "ha[d] a foundation in the statutory text" and whether it had "the benefit of guidance from the courts of appeals or the . . . FTC that might have warned it away from the view it took." *Id*. at 69–70. At the time Southwest engaged Sterling to procure an investigative consumer report for Plaintiff pursuant to the Consent Form, no court of appeals had addressed the question of statutory interpretation at issue here; nor had the FTC offered "authoritative guidance" on the issue. Indeed, it was not until after Plaintiff had filed this lawsuit that the Ninth Circuit issued its decision in *Syed*, holding that inclusion of a liability waiver in a FCRA disclosure constitutes a willful violation of the statute. In 2015, the district courts that had considered whether extraneous information in an FCRA disclosure constitutes a willful violation came to conflicting answers. *Compare, e.g., Smith v. Waverly Partners, LLC*, 2012 WL 3645324, at *6 (W.D. N.C. Aug. 23, 2012) ("[I]n order to give Congress's inclusion of the word 'solely' meaningful effect, the Court agrees that inclusion of the waiver provision was statutorily impermissible," but holding that the disclosure was "otherwise adequate") *with Reardon v. Closetmaid Corp.*, 2013 WL 6231606 at *10–11 (W.D. Pa. Dec. 2, 2013) (liability waiver was "contrary to the law as Congress enacted it, and . . . objectively unreasonable as a matter of law"). At least one other Texas district court has consistently held that inclusion of extraneous information in an FCRA disclosure, prior to the relevant date in this case, does not constitute a willful violation of the stand-alone requirement. *See Landrum*, 122 F. Supp. 3d at 625; *Theriot v. Mundy Companies, Inc.*, 2017 WL 274812, at *6 (S.D. Tex. Jan. 20, 2017). Plaintiff points to no other binding authority that would dictate a different result.

Accordingly, the Court determines that Southwest's violation of the FCRA was not willful and GRANTS Southwest's Motion for Summary Judgment in its entirety.

**Conclusion**

Southwest's Motion for Summary Judgment [ECF #55] is GRANTED, and Plaintiff's claims for willful violation of the FCRA and violation of the CICRAA are DISMISSED with prejudice.

SO ORDERED.

January 11, 2018.

_____
BARBARA M.G. LYNN
CHIEF JUDGE